# Winston *v.* Yeargin.

### *Bill in Equity for Injunction of Execution on Judgment.*

*Release of surety by act of creditor.* — If an execution is issued against a surety and his principal, and is levied, by the direction of the surety, on property of the principal sufficient to satisfy it, and the creditor causes it to be returned without a sale, and the property to be released, without the consent of the surety, the latter is thereby discharged.

APPEAL from the Chancery Court of De Kalb.

Heard before the Hon. WILLIAM SKINNER.

The bill in this case was filed by John B. Yeargin against John G. Winston, and sought to enjoin an execution on a judgment at law, on the facts stated in the opinion of the court. On final hearing, on pleadings and proof, the chanceller rendered a decree for the complainant; and his decree is now assigned as error.

WALDEN & AIKEN, for appellant.

S. K. McSPADDEN, *contra.*

B. F. SAFFOLD, J. — The appellant obtained judgment, in 1862, against the appellee and John Reese, on a promissory note made by them, payable to him. An execution, issued on the 6th of April, 1869, being in the hands of the sheriff, who was about to levy it on the appellee's property, the latter filed

[Winston v. Yeargin.]

this bill to enjoin its enforcement. His ground of relief is alleged to be, that he was simply the surety of Reese, and, in 1866, he caused the sheriff to levy an execution, which had issued on the judgment, on sufficient property of Reese to pay it entirely; that the plaintiff (the respondent appellant) interfered to prevent the collection of the money, by ordering the sheriff to release the property, and give further time to Reese, without his knowledge or consent; that in obedience to this order, the sheriff released the levy, and returned the execution; and afterwards, since the bankruptcy of Reese, the execution complained of was issued. The answer was required under oath.

The appellant, answering, denies that any levy made was ever released by his order, so as to discharge the property levied on. But he appends a letter, which he wrote to the sheriff on the 21st of January, 1867, telling him to hold on to the property levied on, and give Reese further time. In his testimony as a witness in his own behalf he says, Reese gave him a bale of cotton, the value of which he credited on another debt due to him from Reese. Reese testifies, that in consideration of six hundred and forty pounds of lint cotton, the appellant wrote a letter to the sheriff, instructing him to hold up the execution; and that he considered this cotton as a credit on the debt in controversy. The sheriff testifies, that he discharged the levy, and returned the execution, in conformity with instructions from the appellant; but the letter exhibited by the latter is not the one received by him. The suretyship of the appellee is proved. The chancellor granted the relief sought, and his decree is here assigned as error.

The decisions of this court, in respect to the discharge of a surety on account of the interference of the creditor to prevent the collection of the debt, are not entirely harmonious. Previous to the case of *State Bank* v. *Edwards & Walke* (20 Ala. 512), the ruling was, that the surety was not discharged by a return of an execution against the principal debtor, by order of the creditor, when it appeared there was property of the principal which could have been levied on, sufficient to pay the debt, and that he afterwards became insolvent. *State Bank* v. *Godden & Lowry*, 15 Ala. 616; *Collier* v. *Vivian*, 8 Ala. 903; *Sawyer* v. *Bradford*, 6 Ala. 572. In the case of the *State Bank* v. *Edwards & Walke*, *supra*, it was broadly decided, that when an execution, which has been levied on property of the principal debtor sufficient to satisfy it, is returned by order of the plaintiff, and the property released, the surety is discharged.

It is difficult to see the difference of effect between the return by order of the creditor of an execution which was not levied, and one that was. Perhaps no principle or rule of law

can be evolved out of the matter, or ought to be attempted, but each case should be decided on its merits, according to the justice or equity of the circumstances attending it. It would be harsh to invariably require the surety to pay the debt, because he was primarily liable, and then seek redress out of his principal. On the other hand, it would lead to the unnecessary oppression of the principal debtor, to release the surety, unless the creditor made all haste to collect his debt. In this case, there is but little doubt that the appellant was induced to give time to Reese, because of the payment of the cotton, which he could apply to another debt. Yet, if there was no contract to that effect, it can scarcely be said that he gave the delay for valuable consideration. Nevertheless, the surety was seriously injured and thwarted in his efforts to procure the proper payment of the debt, by the interference of the creditor.

Under R. C. § 2862, the sheriff was bound to levy on the property of the principal debtor first, on the application of the surety. If he is satisfied of the fact of suretyship, no affidavit of the surety is required. The appellee seems to have been very diligent to procure the levy, and the appellant, in releasing it, deprived him of the advantage given him by the above statute. We think he is entitled to the relief granted by the chancellor.          The decree is affirmed.