JOHN STROHAUER v. ANDREW VOLTZ.

*An exception to a covenant of warranty is not a stipulation bind-
ing the grantee—Recital of consideration may be varied by
parol evidence.*

A deed containing a covenant of warranty "against all lawful claims
whatsoever subject to a certain mortgage given by the .parties
of the first part for one thousand dollars," merely leaves the
title subject to be defeated by a failure to pay the mortgage
debt, but does not bind the grantee to pay it.  And the excep-
tion is not such a written contract as will exclude evidence to
show that in addition to the consideration expressed, the grantee
had also agreed to pay off the mortgage.  The exception and
the agreement are distinct.

The recital of a consideration in a deed is merely to give it effect
as a conveyance; and for any other purpose parol evidence is
admissible to show that it was actually more or less than the
amount stated.

Where a grantee of land agreed to pay a mortgage on it, but did
not do so, and the land was sold for less than the mortgage
debt, the fact that the foreclosure decree does not show how
much was due as principal and how much as interest, is imma-
terial in an action against the grantee for damages resulting
from his failure to pay the debt.  He is liable for what he agreed
to pay and no more, and evidence of the foreclosure is only
important as showing that the land, which was a fund in his
hands from which the mortgage might have been paid, had been
exhausted without satisfying the debt.

Error to Tuscola.  Submitted Jan. 7.  Decided Jan. 13.

ASSUMPSIT.  Plaintiff brings error.

*Atwood & Atwood* for plaintiff in error.  The considera-
tion of a deed may be ' shown by parol evidence to be
different from that expressed, Rawle on Covenants, 258;
*Clapp v. Tirrell*, 20 Pick., 247; *McCrea v. Purmort*, 16
Wend., 460; *Shephard v. Little*, 14 Johns., 209; *Brackett
v. Evans*, 1 Cush., 79; an exception to a covenant of
warranty in the words "subject to a certain mortgage,"
etc., is not affected by testimony as to the consideration,
*Drury v. Tremont Improvement Co.*, 13 Allen, 168; *Wil-*

*liams v. Allen*, 123 Mass., 391; *Sidders v. Riley*, 22 Ill., 111; *Allen v. Lee*, 1 Ind., 58: the covenant does not extend to incumbrances which the grantee agreed to pay, *Pitman v. Conner*, 27 Ind., 337; and has nothing to do with any agreement between the parties as to their payment, *Bethel v. Woodworth*, 11 Ohio St., 393; *Barker v. Bradley*, 42 N. Y., 316; *Trevidick v. Mumford*, 31 Mich., 467.

*R. P. Edson* and *Black & Quinn* for defendant in error. A conveyance, when received, constitutes a contract between the parties, *Trotter v. Hughes*, 2 Kern., 78; *Halsey v. Reed*, 9 Paige, 446; and its terms cannot be varied by parol evidence, *Adair v. Adair*, 5 Mich., 210; *Jones v. Phelps*, id., 222; *Renner v. Bank of Columbia*, 9 Wh., 587; *Lafarge v. Rickert*, 5 Wend., 191; *Creery v. Holly*, 14 Wend., 25; *Martin v. Hamlin*, 18 Mich., 354; *Sutherland v. Crane*, Walk. Ch., 524; *U. S. v. Dunn*, 6 Pet., 59; *Bank of Albion v. Smith*, 27 Barb., 489; *Cook v. Combs*, 39 N. H., 593; *Oelricks v. Ford*, 23 How., 49; *Austin v. Sawyer*, 9 Cow., 39; *Dix v. Otis*, 5 Pick., 38; *Conner v. Coffin*, 22 N. H., 544; *Gregory v. Hart*, 7 Wis., 532; *Hoyt v. French*, 24 N. H., 199; *Lang v. Johnson*, id., 302; *Hoxie v. Hodges*, 1 Oregon, 251; *Underwood v. Simonds*, 12 Met., 278; *Adams v. Wilson*, id., 138; *Mumford v. McPherson*, 1 Johns., 417; *Howes v. Barker*, 3 Johns., 506; *Schemerhorn v. Vanderheyden*, 1 Johns., 139; *Armstrong v. Munday*, 5 Den., 196; *Stevens v. Cooper*, 1 Johns. Ch., 425; *Brown v. Wiley*, 20 How., 442; *Foster v. Clifford*, 44 Wis., 569; *Holley v. Younge*, 27 Ala., 203; *Howard v. Thomas*, 12 Ohio St., 204; 1 Greenl. Ev., § 275; 1 Phil. Ev., 495; parol evidence is not admissible in an action at law to show facts incompatible with the agreement of the parties as imported on the face of the deed, even though the consideration may be disputed, *Gelpcke v. Blake*, 19 Ia., 263; *Bennett v. Solomon*, 6 Cal., 134; *Murphy v. Branch Bank of Mobile*, 16 Ala., 90; *Grout v. Townsend*, 2 Hill (N. Y.), 554; *Curry v. Lyles*, 2 Hill (S. C.), 404; *Jack v. Dougherty*, 3 Watts, 151;

*Emmons v. Littlefield,* 13 Me., 233; *Kumler v. Ferguson,* 7 Minn., 442; *Spiers v. Clay,* 4 Hawks (N. C.), 22; *Gilbert v. Bulkley,* 5 Conn., 262; *Sewell v. Baxter,* 2 Md. Ch., 447; *Emery v. Chase,* 5 Greenl., 232; *Griswold v. Messenger,* 6 Pick., 517; *Harlow v. Thomas,* 15 Pick., 66; *Townsend v. Weld,* 8 Mass., 146; *Eastabrook v. Smith,* 6 Gray, 578; *Howe v. Walker,* 4 Gray, 318; *Logan v. Bond,* 13 Ga., 194; *Wyche v. Winship,* id., 209; *Sawyer v. Vories,* 44 Ga., 662; Rawle on Covenants, 118, 119; 2 Whart. Ev., §§ 1014, 1045 *et seq.*; a parol reservation of crops from a deed of the land cannot be sustained, *Vanderkarr v. Thompson,* 19 Mich., 82; a vendee cannot be subjected to conditions repugnant to the terms of the deed, *Beers v. Beers,* 22 Mich., 42.

COOLEY, J. The plaintiff, in November, 1874, sold and conveyed to Voltz a parcel of land in Huron county, reciting in the conveyance a consideration of three thousand dollars, and covenanting to warrant and defend the title "against all lawful claims whatsoever subject to a certain mortgage given by the parties of the first part, [himself and wife] for one thousand dollars." This mortgage was given to secure the payment of two notes made by the plaintiff, of seven hundred dollars and three hundred dollars respectively, with interest. In this suit the plaintiff claims that the actual consideration for the conveyance of the land was four thousand dollars of which only three thousand was paid; that defendant agreed to pay the remaining one thousand dollars by paying the principal of the notes, which were secured by the mortgage, but that he has neglected to do so, and by reason of his neglect the mortgage has been foreclosed, the land sold on the foreclosure decree for three hundred and fifty dollars and a deficiency reported of $1,132.31, for which the plaintiff is personally responsible, whereby the defendant has become liable to pay to the plaintiff the said sum of one thousand dollars which he promised and agreed to pay on the notes aforesaid.

This is the plaintiff's case. The defendant pleaded the general issue, but on the trial objected to the evidence by which the plaintiff undertook to establish the facts alleged, on the ground that the evidence tended to contradict or vary the contract of the parties of which the deed of conveyance was the highest evidence, and was consequently inadmissible. The circuit court assented to this view, and the defendant had judgment.

It is not claimed, as we understand it, that the consideration expressed in the deed is to be held conclusively determined by the deed itself. On the contrary it is admitted that the recital in the deed is made for the purpose merely of giving it effect as a conveyance, and that for any other purpose parol evidence may be given to show that the real consideration was greater or less than the sum named. *Doty v. Martin,* 32 Mich., 462. It is insisted, however, that as the $1000 mortgage is mentioned in the conveyance, and there is a stipulation or agreement respecting it, the conclusive presumption must be that the parties embodied in this stipulation all their concluded negotiations respecting the mortgage, and that to add further stipulations by parol proof is to add to and vary the written instrument which must be presumed to have been deliberately made as the final and authoritative evidence of what the parties have agreed upon.

To be a little more specific, the defendant claims that by the deed it is agreed that he shall take the land subject to the mortgage, but that he shall not be personally liable for the mortgage debt. *Crawford v. Edwards,* 33 Mich., 354. But we have been unable to concur in this view. The deed contains no stipulation or agreement on the part of the grantee. He merely receives a conveyance of the land subject to the mortgage. The title conveyed is thereby made subject to be defeated by failure to pay off the mortgage debt, but the grantee agrees to nothing and stipulates for nothing respecting it. Evi-

dence that the grantee agreed to pay the consideration money or any part thereof which remained at the time unpaid, in no manner affects or qualifies the conveyance or any agreement or stipulation therein.

Nor can it make any difference that the grantee, instead of making payment directly to the grantor, was to pay to some one else in his interest. The agreement to pay has no connection whatever with the exception in the deed of the mortgage there mentioned from the covenants. The grantee, as has already been said, makes in the deed no agreement whatever, express or implied, respecting that mortgage or the mortgage debt, and his agreement to pay the further sum of $1000 is in no manner connected with the exception. His agreement to pay cannot in respect to validity depend upon the circumstance that the method of payment was specified, and that the mortgage debt happened to be mentioned as a demand which was to be satisfied by it, rather than some other, or rather than or in place of a direct payment to the grantor.

The cases of *Bolles v. Beach*, 22 N. J., 680, and *Drury v. Improvement Co.*, 13 Allen, 168, are like this in their facts and fully sustain this view. They are not, as is supposed by counsel for defendant, opposed to other cases, or out of harmony with the general rule which excludes parol evidence to control writings. That rule has been too often and too strongly affirmed in this State to be now departed from or qualified, but the present case stands wholly apart from it as we have already shown.

It is objected that the decree against the plaintiff for the deficiency on the foreclosure sale does not distinguish how much is for principal and how much for interest. But this is immaterial. Defendant must pay what he agreed, and is liable for no more. The showing that the mortgage had been foreclosed was only important because the land constituted a fund in defendant's hands from which, if sufficient, the mortgage debt might have

been satisfied. The foreclosure and sale only shows that the fund is exhausted without satisfaction.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.