A. CASS CANFIELD, EX'R FOR MARY CASS CANFIELD v. HARMON SHEAR, ALEXANDER T. CAMPAU AND MILLIE H. CAMPAU.

*Assumption of mortgage—Personal liability for deficiency—Year of redemption—Costs.*

Where a purchaser buys mortgaged premises from the mortgager subject to the mortgage, and his deed is expressly made subject to it, though it does not in terms bind him to pay it, he is to be treated, as between himself and the mortgager, as having assumed the mortgage, and is personally liable for whatever deficiency there may be after foreclosure sale.

Where a party brought in by an amended bill as defendant in foreclosure is charged with a personal liability, the year allowed before foreclosure sale, should run from the date of filing the amended bill.

Costs of the Supreme Court are denied where each party prevails on one branch of an appeal.

Appeal from Wayne. Submitted Oct. 11. Decided Oct. 18.

BILL to foreclose a mortgage given by Harmon Shear to Lewis Cass, and assigned by him to Mary C. Canfield. The other defendants are brought in as subsequent purchasers, and an amended bill was filed charging defendant Alexander T. Campau as personally liable for the amount due on the mortgage, on the ground that he had purchased from Shear subject thereto. The decree held him to be liable, and he appeals. Decree modified.

*D. J. Campau, Jr.* and *Moore & Moore* for appellant A. T. Campau. A person may purchase and accept a conveyance of mortgaged premises *subject* to the encumbrances thereon and incur thereby no personal responsibility: *Winans v. Wilkie* 41 Mich. 266; the complainant in a foreclosure suit in order to proceed to sell, must upon filing his bill give notice to the defendant, and in case he does not,

then the sale can only be made one year after he has taken steps to notify the defendant: *D. F. & M. Ins. Co. v. Renz* 33 Mich. 298.

*Walker & Walker* for appellee. A verbal agreement to assume and pay a mortgage will be enforced against the purchaser in favor of. the mortgagee in equity: *Wilson v. King* 23 N. J. Eq. 150; *Bowen v. Kurtz* 37 Ia. 239; Jones. on Mortgages § 750; where a purchaser of land encumbered by a mortgage agrees to pay a particular sum as purchase money, and on the execution of the contract of purchase the amount of the mortgage is deducted from the consideration, the purchaser is bound to pay the mortgage debt *whether he agreed to do so in expressed words or not*: *Heid v. Vreeland* 30 N. J. Eq. 591; *Stevenson v. Black* 1 N. J. Eq. 338; *Tichenor v. Dodd* 4 N. J. Eq. 454; *Crowell v. Hospital* 27 id. 650; *Thayer v. Torrey* 37 N. J. L. 339; Jones on Mortgages § 749.

Cooley, J. The question on the merits which this appeal presents is whether the decree is right in charging Alexander T. Campau personally with the mortgage debt. Campau bought the mortgaged premises of the defendant Shear, the mortgagor, subject to the mortgage, and his deed is expressly made subject to the mortgage, but does not in terms obligate Campau to pay it. His negotiation was had through the agency of one Smith, and Campau denies that he authorized Smith to promise payment, or that he ever made any personal promise. It is proved beyond question, however, that Smith had authority from Campau to purchase; that he agreed to take the mortgaged premises and to pay $12,750 for them; that he did pay all except the amount owing on the mortgage, and. that the reason why the remainder was not paid was because. the. mortgage was not then due, and the mortgagee would not receive it. The payment was therefore postponed until the mortgage fell due, and both Smith and Shear. understood. Campau was to pay it. We think the assumption of the mortgage debt by Campau, as between himself and Shear, is fully made out,

and to cast upon Shear any deficiency that might exist after a sale, would take from him a portion of the purchase price which Campau agreed to.

The only other question in the case concerns the time when sale should be made. The bill was filed April 21, 1881, without making Campau a party. He was brought in by amendment October 6, 1881. Sale was decreed to be made any time after July 26, 1882. We think this was premature. The statute does not permit a sale until the expiration of a year from the filing of the bill; and when important relief is prayed as against a defendant brought in by amendment, the time should run from the filing of the amended bill.

The decree should be modified to permit a sale after sixty days. As each party succeeds as to one branch of the appeal, no costs will be awarded in this Court.

The other Justices concurred.