### ADALINE CRANE v. CHARLES R. HUGHES.
#### No. 178.

DEED SUBJECT TO MORTGAGE — *acceptance of, does not alone make grantee personally liable for debt.* The grantee does not become personally liable for the payment of a mortgage debt by taking a deed which is made subject to a mortgage. Where land is conveyed, in terms subject to a mortgage, the grantee does not, by the mere acceptance of the deed, undertake or become bound to pay the mortgage debt. In the absence of other evidence, the deed shows that he merely purchased the equity of redemption and that he takes the land charged with the payment of the mortgage debt.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed April 30, 1897. *Reversed.*

This was an action to foreclose a mortgage given by the plaintiff in error's grantor, and to recover a personal judgment against the plaintiff in error upon a clause in the deed to her, recited in the opinion, which the defendant in error claimed gave rise to a personal liability. The court below gave judgment as prayed and, her motion for a new trial having been overruled, the plaintiff in error brought this proceeding.

*Scroggs & McFadden,* for plaintiff in error.
*Miller & Morris,* for defendant in error.

McELROY, J. The only question for decision here arises upon the clause in the deed to the plaintiff in error: "This deed is made subject to the payment by the grantee herein of the mortgage for eighteen hundred dollars, executed by the grantor to Charles R. Hughes." The petition does not allege any parol contract on the part of the plaintiff in error to assume the payment of the mortgage debt, nor does it allege

CRANE v. HUGHES.                    101

April 30, 1897.        Opinion.   McElroy, J.              E. Div.

that the mortgage debt was a part of the purchase money. If the plaintiff in error is liable for the payment of the mortgage, she is liable under the language of the deed alone.

To create on the part of the grantee a personal liability for the payment of a prior mortgage or other lien, the words used in the deed must clearly import that such mortgage or lien was knowingly assumed. The deed must, in terms, provide that the grantee assumes or agrees to pay the mortgage or lien. The grantee does not, by the mere acceptance of the deed, undertake or become bound to pay the mortgage debt; and to render him personally liable it should clearly appear that such was the intention of the parties. In the language here declared on, there is no statement that the grantee assumed the payment of the mortgage, nor that she intended to become personally liable. This is nothing but the case of a conveyance subject to the payment of the mortgage incumbrance.

It follows that the trial court erred in overruling the motion of the plaintiff in error for a new trial; and the judgment will be reversed, and the cause remanded for a new trial and further proceedings in accordance with this opinion.