MOWRY *v.* MOWRY.

1. CONVEYANCES — INCUMBRANCES—PURCHASE PRICE—PAROL EVIDENCE.

An agreement by the grantee in a deed to pay a mortgage on the land may be shown by parol.

2. EQUITY—REMEDY AT LAW—MORTGAGES.

Where complainant had conveyed a portion of his premises to defendant, in consideration that defendant would pay a mortgage, covering the land conveyed as well as other land retained by the grantor, a suit at law, to recover damages of the grantee for failure to pay the mortgage, would not afford an adequate remedy, as the complainant had a right to have the premises conveyed to the grantee first sold on a foreclosure of the mortgage.

Appeal from Branch; Yaple, J.   Submitted June 10, 1904.   (Docket No. 8.)   Decided July 16, 1904.

Bill by William P. Mowry against Charles A. Mowry,

Hannah Mowry, and others to compel the foreclosure of a mortgage. From a decree for complainant, defendants Mowry appeal. Affirmed.

*H. H. Barlow* and *Burt E. Barlow*, for complainant.

*Newberry & Humphrey* and *Palmer & Palmer*, for appellants.

CARPENTER, J.    March 30, 1885, complainant conveyed by warranty deed two tracts of land—one containing 160 acres, and one containing 79 acres—to his son, the first-named defendant. There was inserted in this deed immediately after the description of the land, the following clause:  "Subject to all mortgages or claims that may be against said described land at this date."    At that time the 160-acre tract was incumbered by a purchase-money mortgage securing the payment of $2,000. This mortgage also covered 80 acres of the home farm of complainant.    Complainant filed this bill against his son and Hannah, his son's wife, and the other defendants, who are the owners of said mortgages, alleging the foregoing facts, and that his said son, the defendant, in consideration of said conveyance, agreed to pay said mortgage, and prayed that said mortgage be foreclosed, and that said 160-acre tract of land so conveyed to his son be first sold to satisfy the decree.

Defendants Willis H. and Mary A. Alden, who own the mortgage under consideration, do not appeal. We have, therefore, no occasion to determine whether or not the mortgagor has the right to compel a mortgagee to foreclose his mortgage.

Defendants Charles A. and Hannah Mowry, who do appeal, insist that defendant Charles did not agree to pay said mortgage. This was a question of fact, upon which the testimony was conflicting. The learned trial judge, who heard that testimony in open court, decided that he did. We think this decision correct. *Strohauer* v. *Voltz*, 42 Mich. 444 (4 N. W. 161), and *Canfield* v. *Shear*, 49

Mich. 313 (13 N. W. 605), are authorities for the proposition—if such authorities are needed—that it was competent to show by parol testimony that this agreement was made.

We cannot agree with defendants' contention that complainant had an adequate remedy at law.   It is true that, if he had waited until his property had been taken upon the foreclosure of the mortgage, he could have recovered compensation by a suit at law.   See *Strohauer* v. *Voltz*, 42 Mich. 444 (4 N. W. 161).   But inasmuch as he had a right, unless the assertion of that right prejudices the mortgagee (and in this case it is to be presumed that it does not), to have the property conveyed to defendant first sold to pay the mortgage, to the end that he may preserve his own property (see *Cooper* v. *Bigly*, 13 Mich. 463), the remedy at law was inadequate.

The decree of the court below should be affirmed, with costs.

The other Justices concurred.