# Interstate Land & I. Co. *v.* Logan.

### Bill to Enjoin Foreclosure of Mortgage.

(Decided June 1, 1916. 72 South. 36.)

1. **Contributions; Exoneration.**—If equity has jurisdiction, it will apportion the burden ratably among the several debtors where there is a single claim against them; or if one is compelled to pay more than his share, will give him contribution against the other.

2. **Mortgages; Transfer of Property; Assumption of Mortgage Debt.**—The general rule is that a purchaser of mortgaged lands is not liable for the mortgage debt unless he expressly or impliedly agrees to pay it.

[Interstate Land & I. Co. v. Logan.]

**3. Same; Part of Purchase Price.**—Where the mortgage debt forms a part of the consideration of the purchase, the purchaser becomes the principal debtor to the extent of the property to indemnify his grantor, and a promise to discharge the obligation to that extent is implied, but the purchaser is under no personal liability for the mortgage debt.

**4. Same; Land Primarily Liable.**—Where the purchaser of a mortgagor assumes the payment of the mortgage but does not expressly assume any personal liability he is personally liable to the original mortgagor, but not to the mortgagee, and as to the mortgagor the purchaser becomes the principal and the original mortgagor a surety.

**5. Same; Action Against Purchasers.**—The mortgagee may recover in a suit against the purchaser who has assumed the debt, upon the ground of equitable subrogation.

**6. Same; Subjecting Property; Inverse Order.**—Where the successive purchasers of different portions of the mortgaged premises have notice, either actual or constructive, of prior sales, the rule of inverse order of alienation applies to their subjection to the mortgage.

**7. Same; Conveyance of Mortgagor's Interest.**—Where a grantee takes a parcel only, and his deed conveys only the mortgagor's right, title and interest in the land, such grantee assumes the whole of the incumbrance as a charge upon his parcel so purchased.

**8. Same.**—Where a grantee takes a parcel only, but receives a warranty deed therefor, he is, as to his grantor, freed from the lien of the mortgage, and his grantor assumes by the warranty the whole burden of the incumbrance as a charge on the unsold parcel.

**9. Same; Liability of Mortgagor and Grantee as Principal and Surety.**—Where the mortgagee releases a mortgagor or his grantee, liable as between the mortgagor and grantee, as principal, such release operates to release wholly or partially a mortgagor or his grantee liable as surety, in case the mortgagee had notice of the rights of such surety.

**10. Same; Partial Release; Restraining Foreclosure.**—Where the bill is by the grantee of a part of the mortgaged land to enjoin the foreclosure of the mortgage as to such land because the mortgagee has released from the mortgage a part of the land owned by another grantee, the bill is demurrable if it fails to aver the dates of the respective grants and of their recordation.

APPEAL from Geneva Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by the Interstate Land & Investment Company against Sallie H. Logan to enjoin the foreclosure of a mortgage; by amendment to the bill Mrs. G. H. Holloway was also made a party respondent. From a judgment for respondents on demurrer, complainants appeal. Affirmed.

C. D. CARMICHAEL, and BALL & SAMFORD, for appellant. W. O. MULKEY, and B. G. FARMER, for appellee.

THOMAS, J.—It is averred that Mrs. G. H. Holloway was the owner of about 2,000 acres of land described in her mortgage

to Sallie H. Logan, of date October, 1909; that in 1911, for a valuable consideration and with covenants of warranty, she sold to the Montgomery Bank & Trust Company 1,323.50 acres of said lands. It is further averred that on the 2d day of January and on the 24th day of June, 1912, said mortgagee, Logan, executed a purported release from said mortgage to about 880 acres of said lands, in favor of J. C. McEachern, E. A. Majors, and D. H. Harris. It is further averred that said mortgagee had notice of the fact that the mortgagor, G. H. Holloway, had sold and conveyed, for a valuable consideration, said portion of the mortgaged lands to the Montgomery Bank & Trust Company, and that with this knowledge she executed these releases without receiving therefor and applying as a credit on said debt a pro tanto amount of the burden resting on the lands included in said mortgage, or without giving credit on said mortgage for any amount by reason thereof, and that said mortgagee was undertaking to enforce the entire mortgage debt against 2,323.50 acres sold by her said mortgagor, Holloway, to complainant. It is further averred that the value of the lands so released by the respondent Logan was equal to, or greater than, the amount of her mortgage debt.

(1) The right of exoneration arises out of a joint and several liability on the same obligation, and is strikingly illustrated in the maxim, "Equality is equity." So where there is a single claim against several debtors, if equity has jurisdiction it will apportion the burden ratably among them; or, if one is compelled to pay more than his share, will give him the remedy of contribution against the others.—Pom. Eq. Jur. §§ 406, 407, 410, 411, and 99, as to contribution.

This doctrine of the courts, as applies to a release by a mortgagee of one or more parcels of the mortgaged tracts of land, is clearly stated by the text-writers. Its best expression is:

"Although the equities between the subsequent owners of various parcels of the mortgaged premises, whether equal or unequal, do not prevent the mortgagee from enforcing the mortgage security, if necessary, against all these parcels, yet, after the mortgagee has received notice of the subsequent conveyances, the equities affect him to such an extent that he cannot deal with the whole premises, or with any parcel thereof, or with the owner of any parcel, by release or agreement, so as to disturb the equities subsisting among the various owners, or to destroy

their rights of precedence in the order of liability, or to defeat their rights of ratable contribution, or of complete or partial exoneration.  No such obligation, however, rests upon the mortgagee, nor is he prevented from dealing with the mortgaged premises in any manner consistent with his general rights as a mortgagee, unless he has received notice of the conveyances to the subsequent owners whose interests could be affected by his dealings; but notice of their conveyances would be a notice of all the equities which arise therefrom.  Since his mortgage is a prior lien, and creates an incumbrance alike upon all parts of the land subject to it, no subsequent change in the ownership of the mortgaged premises, of which he is ignorant, can in any degree control or limit his original rights and power conferred by the security.  It is settled, therefore, that notice must be given to the mortgagee of any subsequent conveyance of a parcel of the mortgaged premises, so as to prevent him from affecting the equities of the grantee therein by his dealings with other portions of the same premises.  *  *  *  The effect of a partial release by the mortgagee who is charged with notice differs in the two cases where the equities of the various owners are equal and where they are unequal.  In the first case, where the mortgaged premises have been conveyed to or are held by various owners, in such manner that their equities are equal, and all their parcels or shares are liable to a ratable contribution, if the mortgagee, having notice of such condition, releases one of the parcels or shares, he thereby discharges a part of the mortgage debt, equal to the ratable portion thereof chargeable upon the lot released, while the balance of the debt alone remains a burden upon the other parcels or shares of the premises.  The release of one parcel or share would release all the other parcels from the same proportionate amount of their respective original liabilities which the value of the part released bears to the total value of the mortgaged premises; one owner being released, all the others are entitled to a pro rata abatement.  When the equities of the various owners are unequal, so that their respective parcels are liable in the inverse order of alienation, if the mortgagee, having notice of this situation, releases a parcel which is primarily liable, he thereby discharges or releases all those parcels which are subsequently liable, in the order of their several liabilities, from an amount of the mortgage debt equal to the value of the parcel released.  If the value of the parcel released equals the mortgage

[Interstate Land & I. Co. v. Logan.]

debt, then all the subsequent parcels are wholly relieved from liability; if the value is less than the mortgage debt, the subsequent parcels can, at most, be liable, in their order, only for the excess of the debt over such value."—3 Pom. Eq. Jur. (3d Ed.) § 1226.

In *Winston v. Yeargin,* 50 Ala. 340, Justice Saffold declared, of the duty of the principal debtor to the sureties, that each case should be decided on its merits according to the justice and equity of the attending circumstances, and that it is the doctrine of the courts that the creditor is a trustee of his execution for the benefit of the surety, and, though not bound to active diligence, yet, if he voluntarily interferes and by his own act releases the lien, the surety is discharged. In *Hudson Trust Co. v. Elliott, as Ex'x,* 194 Ala. 441, 69 South. 631, where the rights of the surety against whom judgment had been obtained was under consideration, this court held that where the creditor has liens on the properties of the party primarily liable, and on those of the surety, for the same debt, the surety has an equity, on foreclosure, to require the property of the principal to be first applied to the payment of the debt.—*Pac. G. Co. v. Anglin,* 82 Ala. 492, 1 South. 852; *Bramlett, et al. v. Kyle, et al.,* 168 Ala. 325, 329, 52 South. 926. The fact that the liens were created by mortgage, rather than by judgment, can make no difference in the application of the principle involved. It grows out of the duty of the principal debtor to pay the debt and extinguish the alternative liability of the surety. It is the duty of the creditor to recognize this right when it can be done without injury to himself.

In a bill to restrain foreclosure of a mortgage under its power (*Bramlett v. Kyle,* 168 Ala. 325, 52 South. 926), this court has recently held that the doctrine of exoneration is the weapon of the surety, whether that relation be affirmed by the contract itself, or be the product of equity's motive to attain natural justice on the theory that the real beneficiary of the obligation assumed by the parties should discharge the burden.

(2-4) It is important, then, to know who is the principal debtor to the mortgagee when that relation changes to that of purchaser from the mortgagor. As a general rule, a purchaser of mortgaged lands is not liable for the mortgage debt, unless he expressly or impliedly agrees to pay the same.—*Fiske v. Tolman,* 124 Ala. 254, 26 Am. Rep. 659; *Patton v. Adkins,* 42 Ark. 197; *Scholten v. Barber,* 217 Ill. 148, 75 N. E. 460; *Bristol Sav. Bank*

*v. Stiger,* 86 Iowa 344, 53 N. W. 265; *Crane v. Hughes,* 5 Kan. App. 100, 48 Pac. 865; *Canfield v. Shear,* 49 Mich. 313, 13 N. W. 605; *Van Eman v. Mosing,* 36 Okl. 555, 129 Pac. 2. When the mortgage debt forms a part of the consideration of purchase, the purchaser becomes the principal debtor, to the extent of the property, to indemnify his grantor, and the promise to discharge the obligation to that extent is implied from the nature of the transaction.—*Foy v. Armstrong,* 113 Iowa 629, 85 N. W. 753; *N. W. Bk. v. Stone,* 97 Iowa 183, 66 N. W. 91; *Schlatre v. Greaud,* 19 La. Ann. 125; *Cummings v. Jackson,* 55 N. J. Eq. 805, '38 Atl. 763; *Flagg v. Thurber,* 14 Barb. (N. Y.) 196; *Thompson v. Thompson,* 4 Ohio St. 333; *Moore's App.,* 88 Pa. 450, 32 Am. Rep. 469; *L. U. In. Co. v. Dunn,* 167 Ill. App. 22. But the purchaser is under no personal liability to his grantor (the original mortgagor), or to the owner of the mortgage, for the mortgage debt. *Hubbard v. Ensign,* 46 Conn. 576; *Lawrence v. Towle,* 59 N. H. 28; *Equitable L. A. Soc. v. Bostwick,* 100 N. Y. 628, 3 N. E. 296; *Belmont v. Coman,* 22 N. Y. 438; 78 Am. Dec. 213. Where, however, the vendee of the mortgagor assumes the payment of the mortgage but does not expressly assume any personal liability, he is not personally liable to the mortgagor, and as between him and his grantor (the mortgagor) he becomes the principal debtor, and the vendor (his mortgagor) a surety.—*Green v. Hall,* 45 Neb. 89, 63 N. W. 119; *Bennett v. Bates,* 94 N. Y. 354; *Granger Case,* 6 S. D. 611, 62 N. W. 970.

The doctrine of the Supreme Court of the United States, except when settled by the lex fori, is that a grantee who has assumed the payment of a mortgage is by that assumption liable to the mortgagee in equity under his contract of purchase with the mortgagor. This doctrine, according to Mr. Justice Gray, in *Keller v. Ashford,* 133 U. S. 610, 10 Sup. Ct. 494, 32 L. Ed. 677, is rested on the right of a creditor to the benefit of all securities given by the principal to the surety for the payment of the debt, and does not rest upon any liability of the principal to the creditor, nor upon any peculiar relation of the surety toward the creditor, but upon the ground that the surety, being the creditor's debtor, and in fact occupying the relation of surety to another person, has received from that person an obligation or security for the payment of the debt, which a court of equity will therefore compel to be applied to that purpose at the suit of the creditor. Where the person ultimately held liable is him-

[Interstate Land & I. Co. v. Logan.]

self a debtor to the creditor, the relief awarded has no reference to that fact, but is grounded wholly on the right of the creditor to avail himself of the right of the surety against the principal. If the person who is admitted to be the creditor's debtor stands at the time of receiving the security in the relation of surety to the person from whom he receives it, it is quite immaterial whether that person is or ever has been a debtor of the principal creditor, or whether the relation of suretyship or the indemnity to the surety existed, or was known to the creditor when the debt was contracted. In short, if one person agrees with another to be primarily liable for a debt due from that other to a third person, so that as between the parties to the agreement the first is the principal and the second the surety, the creditor of such surety is entitled, in equity, to be substituted in his place for the purpose of compelling such principal to pay the debt.

(5) Contrary to the common-law rule, in this state a mortgagee is allowed to recover in a suit against the purchaser who has assumed the debt, "upon the ground of equitable subrogation."—*Young v. Hawkins,* 74 Ala. 370; *Carver v. Eads,* 65 Ala. 190; *N. Ala. D. Co. v. Short,* 101 Ala. 333, 13 South. 385—where vendors' liens were assumed by the purchasers.

In the authorities above cited, we note that the primary liability from mortgagor to mortgagee may shift, by agreement of purchase and transfer, from the mortgagor to his grantee, if the terms of the contract of purchase are such as to evidence the intention on the part of the purchaser to assume this primary liability. If, however, the consideration of the conveyance and its express terms were not such as to shift this primary liability from the mortgagor to his grantees of the several portions of the mortgaged premises, the relation of such purchaser and his property is that only of a security for the primary liability, to the extent of the value of the property purchased.—*Eakin v. Shultz,* 61 N. J. Eq. 156, 47 Atl. 274; 2 Jones on Mortgages, § 983.

The principle of the rule has been frequently stated by the English and Irish courts. Lord Plunkett held that, if a mortgagor sells a portion of his equity of redemption for a valuable consideration, "the entire residue undisposed of by him is applicable, in the first instance, to the discharge of the mortgage, and in ease of the bona fide purchaser; and it is contrary to every principle of justice to say that a person afterward purchasing

[Interstate Land & I. Co. v. Logan.]

from that mortgagor shall be in a better situation than the mortgagor himself in respect to any rights."—*Hartley v. O'Flarety*, Lloyd & G. Cases Tem. Plunket, 208, 216. Lord Chancellor Hart said, in the *O'Flarety Case*, that, between the mortgagor and the persons purchasing from him, "the contributory fund must be so marshaled as to make his remaining property first liable; and if that is insufficient, I think the portion of the last purchaser must be applicable before that of any prior purchaser."—Beatty, 61, 79, 80; 3 Jones on Mortgages, § 1621, p. 224.

(6) This equity of the rule of "inverse order of alienation" is on foreclosure subject to the rule of notice on the part of the grantee. If, however, the successive purchasers of different portions of the mortgaged premises have notice, actual or constructive, of prior sales, the rule applies to their subjection to the mortgage in inverse order of alienation. Unless the last purchaser took with notice of the prior sales the portion last sold cannot be applied in satisfaction of the mortgage, in exoneration of the portions first sold.—*Aderholt v. Henry*, 87 Ala. 415, 6 South. 625, 6 L. R. A. 451.

In *Brown v. Simons*, 44 N. H. 475-479, the writing justice says: "In the case of the sale by the mortgagor of all the mortgaged property to different purchasers at the time, their equities must be regarded as equal, and each must contribute ratably to the discharge of the common burden; but, if such conveyances are at different times, their equities, though equal as respects the mortgagor, are not equal as respects each other, because, as the land last conveyed, while in the hands of the mortgagor, was primarily liable for the whole debt, it is not equitable that its character should be changed and the charge upon it diminished by a subsequent conveyance, and, beside, if the equities were to be regarded as equal, that of the first purchaser is prior in point of time, and neither having the legal title, the maxim, qui prior est in tempore, potior est in jure, must apply. * * * If, however, at the time of the subsequent conveyance by the mortgagor, the grantee has no notice of the prior conveyance, in fact or constructively (the same not having been registered), such subsequent grantee ought not to take the land so granted, subject primarily to the whole debt. On the contrary, as the prior grantee has failed to record his deed, and thus give notice of the true state of the title, the subsequent grantee, unless otherwise

notified, may rightfully regard the land, which is thus apparently in the hands of the mortgagor, as primarily liable for the whole debt. It is true that the first grant by the mortgagor of a part of the property does not in terms impose a lien upon what is left; but in effect it creates upon it, as between the parties, a new incumbrance, and makes it liable primarily for the whole debt, as much as if such mortgagor had mortgaged it to such purchaser to indemnify him against the original mortgage."

The reason of these cases supports the rule declared in 2 Jones on Mortgages, § 982, also section 722 et seq., to the effect that, by releasing that part which is in equity primarily liable for the payment of the mortgage debt, he cannot be permitted to charge the other portions of the premises with the payment of the mortgage without deducting from the amount due the value of the part released.—*Northwestern Land Ass'n v. Harris,* 144 Ala. 468, 21 South. 999; *Boone v. Clark,* 129 Ill. 466, 21 N. E. 850, 5 L. R. A. 276; *Iglehart v. Crane,* 42 Ill. 261; *Webb v. Rowe,* 35 Mich. 58; *Groesbeck v. Mattison,* 43 Minn. 547; 46 N. W. 135; *Brigham v. McDonald,* 19 Neb. 407, 27 N. W. 384; *Hoy v. Bramhall,* 19 N. J. Eq. 563, 97 Am. Dec. 687; *In re. Shepherd's Appeal,* 2 Grant Cas. (Pa.) 402. Upon the same principle, after the mortgaged premises have been passed to several devisees, if the mortgagee, with knowledge of the transfer, releases one devisee's portion, the others are liable only for that share of the debt for which their portion would be liable had no release been made.—*Gibson v. McCormick,* 10 Gill & J. (Md.) 65.

Owners of the portions of the mortgaged estate not released cannot claim an entire release of their own property from the mortgage lien because of a partial release of the mortgaged property, but they must in every case pay their fair proportion of the mortgage debt. The mortgage security at most is affected only to the extent of the value of the property released.—*Williams v. Wilson,* 124 Mass. 257; *Frost v. Koon,* 30 N. Y. 428; *Stuyvesant v. Hall,* 2 Barb. Ch. (N. Y.) 151; *Stevens v. Cooper,* 1 Johns. Ch. (N. Y.) 425, 7 Am. Dec. 499; *Guion v. Knapp,* 6 Paige (N. Y.) 35, 29 Am. Dec. 741.

In *Farmers' S. B. & L. Ass'n v. Kent, et al.,* 117 Ala. 624, 23 South. 757, this court quoted approvingly from Pomeroy that: "Whenever the mortgagor has conveyed separate parcels of the mortgaged premises by warranty deeds to successive grantees, and there are no special provisions in any of their deeds, and no

[Interstate Land & I. Co. v. Logan.]

other dealings between themselves or with the mortgagor which disturb the equities otherwise existing, a priority results, depending upon the order of conveyance. As between the mortgagor and all the grantees, the parcel in his hands, if any, is primarily liable for the whole mortgage debt, and should be exhausted before having recourse to any of theirs; as between the grantees, their parcels are liable in the inverse order of their alienation, and any parcels chargeable first in order must be exhausted before recourse is had to the second."—Eq. Jur. vol. 3, § 1224.

The opinion (*Kent's Case*) also quotes Jones (Mortg.) : "The mortgagee, when he afterwards proceeds to foreclose his mortgage, should be required to sell in the first place such part, if any, as the mortgagor still retains, and then the parts that have been sold in the same subdivisions, but beginning with the parcel last sold by the mortgagor."—Volume 2, § 1620.

This ruling has long been adhered to by our courts and has become a rule of property in this state.—*Burton v. Henry,* 90 Ala. 281, 7 South. 925; *Aderholt v. Henry,* 87 Ala. 415; 6 South. 625, 6 L. R. A. 451; *Prickett v. Sibert,* 75 Ala. 315; *Howser v. Cruikshank,* 122 Ala. 256, 25 South. 206, 82 Am. St. Rep. 76; *F. S. B. & L. As'n v. Kent,* 131 Ala. 246, 30 South. 874; *M. M. D. & M. I. Co. v. Huder,* 35 Ala. 713.

(7-9) For the reason of all the cases we have cited, the right of exoneration is not an absolute rule of law, but is of purely equitable origin. It is never allowed to work injustice, being subject to modification by particular circumstances affecting the rights and equities of the several purchasers as between themselves. This right of necessity must rest upon peculiar equitable reasons, and if no such reasons exist the right of exoneration does not exist.—*Aderholt v. Henry,* 87 Ala. 415, 6 South. 625, 6 L. R. A. 451; *N. L. Ass'n v. Harris,* 114 Ala. 468, 21 South. 999. It is obvious that the doctrine has its foundation in the intention of the parties to the conveyance. The grantee taking a parcel by deed conveying only the mortgagor's right, title, and interest in the land, assumes the whole of the incumbrance as a charge upon his parcel so purchased. The grantee who takes the parcel conveyed him by a warranty deed is freed from the lien of the mortgage, and the grantor assumes by the warranty the whole burden of the incumbrance as a charge upon the unsold parcel, and has a parcel obligation. The mortgagee not being a party to the contract of sale is not affected thereby, nor is his lien upon the

entire tract impaired by such subsequent sales to different grantees. As against the mortgagee "before foreclosure or before a release by him of any portion of the mortgaged premises in case of several sub-purchasers from the mortgagor, the grantee in the first deed has only the right to have him, after notice, to foreclose or release so as not to disturb the equities subsisting among the various owners or not to destroy their right of precedence in the order of liability, or not to defeat their rights of ratable contribution or of complete and partial exoneration." The mortgagee is not prevented from dealing with the mortgaged premises in any manner consistent with his general rights as a mortgagee, unless he has received actual notice of the conveyance to the subsequent owners whose interest would be affected by his dealings. Since his mortgage is a prior lien and creates an incumbrance alike upon all parts of the land subject to it, no subsequent change in the ownership of the mortgaged premises, of which he is ignorant, can in any degree control or limit his original rights and power conferred by the security. It is settled therefore that notice must be given to the mortgagee not having knowledge thereof, of any subsequent conveyance of a parcel of the mortgaged premises, so as to prevent him from affecting the equities of the grantee therein by his dealing with other portions of the same premises.—3 Pom. Eq. Jur. § 1226; 2 Jones on Mort. § 1624; *Pitts, et al. v. R. F. L. M. Co.,* 123 Ala. 469, 26 South. 286; *Hosmer v. Campbell,* 98 Ill. 572; *Chessebrough v. Millard,* 1 Johns. Ch. (N. Y.) 409, 7 Am. Dec. 494; *George v. Wood,* 9 Allen (Mass.) 80, 85 Am. Dec. 741; *Vanorden v. Johnson,* 14 N. J. Eq. 376, 82 Am. Dec. 254; *Patty v. Pease,* 8 Paige (N. Y.) 277, 35 Am. Dec. 683; *Guion v. Knapp,* 6 Paige (N. Y.) 35, 29 Am. Dec. 741.

The bill avers the contract of purchase between the Montgomery Bank & Trust Company and the respondent in this suit, Mrs. G. H. Holloway, of a large tract of land embracing the lands in question the property of the latter as evidenced by two warranty deeds, reciting a valuable consideration, and which said deeds are made exhibits to the bill.

Notwithstanding a confusion in the amended bill in reference to Exhibits A and B, it is clear that Exhibit B, acknowledged before W. B. Hammond, was the initial conveyance, and that Exhibit A, acknowledged before G. D. Baker, was for the purpose of correcting a "certain description in the deed." In Exhibit B,

after the description of the land described in the Logan mortgage, is the further recital: "This last described property is subject to the mortgage of $4,000 to Mrs. F. H. Logan." The grantor then covenants with the grantee as follows: "To have and to hold the aforesaid premises, to the said Montgomery Bank & Trust Company, its successors and assigns, forever.

"And I do covenant with the said Montgomery Bank & Trust Company, its successors and assigns, that I am lawfully seized in fee of the aforegranted premises; that they are free from all incumbrances; that I have a good right to sell and convey the same to the said Montgomery Bank & Trust Company, its successors and assigns, and that I will warrant and defend the said premises to the said Montgomery Bank & Trust Company, its successors and assigns, forever, against the lawful claims and demands of all persons."

In Exhibit A, the subsequent deed, taken to correct the description in the former deed, is the expression, "This last described land is subject to a mortgage of $4,000 due to Mrs. Sallie H. Logan," and a covenant of warranty that the lands "are free from all incumbrances except as herein set out," and another, that the grantor "will warrant and defend the premises to the said Montgomery Bank & Trust Company, its successors and assigns, forever, against the lawful claims and demands of all persons."

We do not now pass upon the effect of Mrs. Holloway's covenants of warranty, in her conveyance of the lands in question to the Montgomery Bank & Trust Company. See *Northwestern L. Ass'n v. Harris*, 114 Ala. 476, 21 South. 999; *Estabrook v. Smith*, 6 Gray (Mass.) 572, 577, 66 Am. Dec. 445; *Sumner, Adm'r, v. Williams*, 8 Mass. 202, 5 Am. Dec. 83; *Howell v. Richards*, 11 East 633; *Smith v. Compton*, 3 Barn. & Ad. 189; *Kean v. Strong*, 9 Irish Law Rep. 74, 82.

This court has held that there must be an assumption by agreement between the parties that the mortgage shall be a part of the purchase money for the premises (*Kennedy v. Brown*, 61 Aa. 296; *Hall, et al. v. M. & M. Ry. Co.*, 58 Ala. 10, 23) ; that when deeds to successive grantees are not warranty deeds, but are conveyances of the mortgagor's right, title, and interest in the parcels so conveyed, the intention is clear that the grantees respectively assume their proportions of the mortgage debt

[Interstate Land & I. Co. v. Logan.]

(*Aderholt v. Henry*, 87 Ala. 415-421, 6 South. 625, 6 L. R. A. 451; 3 Pom. Eq. Jur. § 1225).

The purchaser of an equity of redemption does not become personally liable for the mortgage debt by accepting a deed which is merely subject to the mortgage. It must be clear that it was the agreement of the parties thereto that the mortgage debt was assumed by the grantee; there must be a "special contract to pay such incumbrance."—2 Dev. on Real Est. (3d Ed.) §§ 1047, 1048, and authorities there collected. If the purchaser is a bona fide purchaser of the property, or with stipulations and warranties of title freed of incumbrances, he is unquestionably entitled to have exoneration to the extent of his equities, as against the mortgagor, the mortgagee with actual notice, and subsequent grantees of the mortgagor, being within the rule we have declared.—*Aderholt v. Henry, supra.*

If the Montgomery Bank & Trust Company was the last purchaser from the mortgagor, Mrs. Holloway, and had notice of the prior conveyances of the several parcels of the mortgaged lands to McEachern, Watson, Majors, and Harris, or if it was understood and agreed between the vendor, Holloway, and the trust company, that the lands so conveyed to it were subject to the Logan mortgage, and that the trust company, as a part of the consideration for the conveyance, assumed the payment of said mortgage, no relief can be had by the trust company.

(10) It is sufficient that we hold that the demurrer directed to the failure of the bill as amended to aver the dates of the respective parcel conveyances by Mrs. Holloway to the said several purchasers after the execution and delivery of the Logan mortgage thereon, and to the failure to give the respective dates of recordation of said several conveyances to McEachern, Watson, Majors, and Harris, was properly sustained.

Decision as to the effect of Mrs. Holloway's covenants of warranty is reserved for the hearing on full pleading and proof.

The complainant is given 30 days in which to amend its bill if so advised, and the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.