(79 South, 241)

## IRVIN v. BROWN. (8 Div. 32.)

(Supreme Court of Alabama. June 20, 1918.)

MORTGAGES  280(5)—ASSUMPTION OF MORT-GAGE—EVIDENCE—SUFFICIENCY.

On bill to cancel a mortgage and a deed executed on foreclosure, *held*, under evidence, that true consideration for conveyance by mortgagor to defendant of part of land covered by mortgage was defendant's agreement to discharge the mortgage, so that subsequent purchase by defendant at foreclosure sale merely constituted payment.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by John W. Brown against W. F. Irvin. Decree for complainant, and defendant appeals. Affirmed.

Street & Bradford, of Guntersville, for appellant. John A. Lusk & Son, of Guntersville, for appellee.

THOMAS, J. The bill sought the cancellation of a mortgage and of a deed executed under its foreclosure, and to enjoin a suit in ejectment for the land.

Complainant's chain of title may be stated as follows: One Parish, owning certain lands, among them the S. E. ¼ of the N. W. ¼ of section 2, township 8, range 8, on December 7, 1905, executed a mortgage thereon to A. G. King, the same being recorded on December 20th thereafter. On respectively January 22, 1908, and January 7, 1909, Parish duly conveyed to T. N. Critcher said quarter section, the conveyances being filed for record in the probate office on, respectively, January 23, 1908, and January 7, 1909. Critcher conveyed the land to A. J. Beard on July 17, 1909, the deed being filed for record on that date; and Beard and wife conveyed the same to appellee on November, 1910, the conveyance being filed for record on November 25, 1910.

Respondent's claim of title was based on the alleged state of facts that on November 11, 1912, said Parish conveyed his lands, except the land in question, to respondent for the recited consideration of $650, and that he owned the John R. Irvin mortgage of date April 3, 1907, given by Parish; that on November 18, 1912, respondent purchased all of said lands at a foreclosure sale of Mrs. A. G. King's first mortgage thereon for $256.-95, and received deed thereto from the mortgagee, Mrs. A. G. King, and her husband, through the auctioneer making the foreclosure sale.

Counsel for appellee (complainant) contend: (1) That the true consideration for Parish's deed to Irvin was the contract of the latter to pay the King mortgage, to discharge Parish's obligation to Irvin, and to free the properties conveyed to Critcher et al. from the mortgage liens; (2) that, if he did not so contract and agree, the effect of his purchase and his acceptance of the conveyance on No-vember 11, 1912, of a portion of the lands subject to Mrs. King's mortgage made it his primary duty under the law to pay that mortgage and thus discharge therefrom the lands theretofore sold by Parish to Critcher, and owned by his assign, the complainant.

We have carefully examined the evidence as to the discharge of the burden of proof assumed by the pleading as to whether, as a part of the consideration for the conveyance from Parish to Irvin, the latter was to pay the King mortgage. Appellant's counsel concede that, if such was the agreement, the subsequent purchase by Irvin at foreclosure sale "constituted only a payment," and the bill to cancel the mortgage and its foreclosure as a cloud on complainant's title would lie.

If the testimony of Parish and wife was not more convincing than that given by respondent as a witness in his own behalf and that by Mr. Wallace, the significant fact remains that Parish did not convey to Irvin the lands in question, omitting the same from this deed, and that Irvin accepted such conveyance. He did this notwithstanding his testimony that at the time he was the owner of the mortgage theretofore made by Parish to John R. Irvin, embracing not only the lands in question, but the S. W. ¼ of the N. W. ¼ of said section as well. If the true version of the last conveyance from Parish to Irvin was as detailed by Irvin and Mr. Wallace, no sufficient reason is apparent why Irvin, seeking this conveyance on the eve of Parish's departure to Texas, and well knowing that the lands were being advertised under the power of foreclosure contained in the King mortgage and that, as junior mortgagee (the owner of the John R. Irvin mortgage), he would have the right of redemption as to all of Parish's lands, was yet willing to accept the deed releasing, of the lands embraced in the King and Irvin mortgages, the S. E. ¼ of the N. W. ¼ of said section, and which had theretofore been sold by Parish to Critcher. This conduct is inconsistent with Irvin's testimony; it is, however, entirely consistent with the account of the transaction detailed by the Parishes, and also consistent with honesty and fair dealing on the part of Parish with Critcher and others.

Aside from this, the officer taking the acknowledgment in a sense corroborates the Parishes, by the statement that he prepared the deed at Irvin's request, that the interlineation, eliminating the lands sold by Parish to Critcher, was made by Godwin before the execution of the deed, and that witness could not say whether that interlineation was inserted before they came to Parish's house for its execution.

Whatever may be the true purport of the preliminary discussions that may have taken place between the parties, as to the terms of the sale, their final agreement was consummated in the execution and delivery of the

conveyance in question. Mrs. Parish testifies that the deed was executed in their home at Boaz, that Dr. Irvin had a deed covering 80 acres of land, and that Mr. Parish told him he could give him a deed to but 40 acres of land, and that the officer who prepared the papers said he would change it to cover 40 acres—which he did. Witness frankly admitted that she did not know anything about the particulars of the transaction, but testified positively that "after the deed was executed my husband turned to Dr. Irvin and says, 'This squares us up, don't it?' and Dr. Irvin replied, 'Yes.'" This conveyance was corroborative of the statement as to the agreement of the contracting parties.

It is not necessary that we treat the second phase presented by the appeal and discussed by counsel, the phase involving the proposition that, where the mortgagor sells a part of the mortgaged premises without reference to the incumbrance, then as between him and the purchaser the part still held by the mortgagor must be applied first to the payment of the debt, and therefore that, when such mortgagor subsequently sells another portion of the part remaining in his possession, the second purchaser "simply steps into the shoes of the mortgagor," as to this land, and takes it "charged with the payment of the mortgage debt as between him and the purchaser of the first lot. * * *" 3 Jones on Mortg. § 1620; Interstate Land & Investment Co. v. Logan, 196 Ala. 196, 72 South. 36, and authorities; Prickett v. Sibert, 75 Ala. 315. We are satisfied that the conveyance was a full satisfaction of Parish's mortgages to King and to Irvin, and that it effected a release and discharge therefrom of complainant's lands.

The decree of the circuit court in equity making the injunction perpetual is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.