NEW ENGLAND LOAN & TRUST COMPANY, APPEL-
LANT, v. SOLOMON C. STEPHENS ET AL., RE-
SPONDENTS.

MORTGAGE—ALIENATION SUBJECT TO.

1. Plaintiff loaned a sum of money, and received therefor, as security, a trust deed upon 16 separate parcels of real estate, in which a release value was provided for each parcel except Nos. 1 and 6. Later the grantors conveyed parcel 12 to R., subject to a specific portion of the indebtedness secured by the trust deed, and thereafter conveyed other tracts, each tract

16 UTAH—25

subject to its portion of the secured indebtedness. In a reorganization of the indebtedness, and the taking of a new trust deed, parcel No. 12 was deducted from the whole amount of the original indebtedness, the creditors agreeing to look to that parcel, as security for the sum stipulated for its release, and upon execution of a new trust deed all the parcels except No. 12 were released from the operations of the original trust deed. No part of the sum due on parcel No. 12 has been paid and no new mortgage given to secure it. In an action brought to foreclose the original trust deed as to parcel No. 12, *held*, that the mere fact that the debtors sold some of the parcels covered by that trust deed, and upon reorganization of the loan the plaintiff took new trust deeds or mortgages, and released all the parcels except No. 12, did not operate as a release of that parcel, not even if the fair cash value of the parcels sold, together with the sum specified in the trust deeds, was equal to the amount of the indebtedness secured by the original trust deed, no intention to release such parcel, or discharge the debt which it secured, being shown.

2. *Inverse Order of Alienation—Rule.*

Where a mortgagor sells a separate and distinct part of the mortgaged premises, and in a deed of conveyance expressly stipulates that it is subject to a certain and definite part of the amount of the incumbrance, the rule as to inverse order of alienation does not apply.

(No. 866. Decided Feb. 4, 1898.)

Appeal from the Second district court, Weber county; H. H. Rolapp, *Judge.*

Suit by the New England Loan & Trust Company against S. C. Stephens and others to foreclose a trust deed. From a decree for defendants, plaintiff appeals. .*Reversed.*

It appears from the record in this case that on April 20, 1892, the defendants Solomon C. Stephens, Mary E. Stephens, William J. Stephens, and Zilpha J. Stephens executed to the New England Loan & Trust Company four promissory notes, aggregating $58,500, and secured the

same by trust deed on 16 separate parcels of real estate, in which deed a release value was provided for each parcel, except 1 and 6, and the grantors were entitled, under the deed, to have any parcel, except 1 and 6, released upon payment on account of the principal indebtedness, the amount fixed as its release value. On July 1, 1893, the makers of the trust deed conveyed parcel No. 12 to defendant L. R. Rogers, subject to $1,000 of the indebtedness secured by the deed of trust, with interest, and thereafter conveyed other tracts, each tract subject to its portion of the secured indebtedness. On March 22, 1895, the debtors, makers of the trust deed, effected a reorganization of the indebtedness with the loan and trust company, making an arrangement whereby certain parties, who had purchased property of the debtors, subject to specified amounts of the indebtedness, either retained their properties, subject to such amounts of the indebtedness, or they themselves made new loans from the company, and whereby the remaining indebtedness, together with delinquent interest, and taxes on the property and an additional advancement of money, was incorporated in a new trust deed. In the reorganization and taking of the new trust deed, the sum of $1,000, the amount to which parcel No. 12, the tract in controversy herein, was subject, was deducted from the whole amount of the original indebtedness, the company agreeing to look to that parcel as security for that sum, and, upon execution of the new trust deed, all the properties except that one were released from the operation of the original trust deed. No part of the $1,000 has been paid, nor any new mortgage given to secure it. This suit was brought to foreclose the original trust deed as to parcel No. 12, and at the trial the court, among other things, found that the plaintiff had received by way of payment, either in money, new mortgages, or

trust deeds, the amount of the original trust deed, with interest; that there was nothing due the plaintiff; and that parcel No. 12 was freed from the lien of the trust deed sought to be foreclosed. Thereupon decree was made accordingly in favor of the defendants, and the action dismissed. This appeal is from the decree.

*Stephens & Smith,* for appellant.

*Evans & Rogers* and *A. G. Horn,* for respondents.

After a statement of the case as above, BARTCH, J., delivered the opinion of the court:

It is contended for the appellant that the tract in controversy was conveyed by the debtors to the respondent Rogers, subject to the $1,000 of the original indebtedness; that the grantee received the premises charged with that amount of the mortgage debt, as a part of the purchase price; and that he must either pay that amount or permit it to be paid and satisfied out of the property. The respondents insist that the appellant has received payment sufficient to satisfy the obligation which existed under the original deed of trust. We think the contention of the appellant is substantially correct. There appears to be no evidence to show that any money was paid to the New England Loan & Trust Company in liquidation of the principal debt, secured by the original deed of trust, before or at the time of the reorganization of the indebtedness. The mere fact that the debtors sold some of the parcels covered by the trust deed, and, upon the reorganization of the loan, the appellant took new trust deeds or mortgages, and released all the parcels, except the one in question herein, did not operate as a release of that parcel, not even if the fair cash value of the parcels sold, together with the sums specified in the trust deeds, is

equal to the amount of the indebtedness secured by the original trust deed; no intention to release such parcel or discharge the debt which it secured being shown, but, on the contrary, the manifest intention of the parties to the reorganization of the loan appears to have been to hold parcel No. 12 subject to the lien created by the trust deed. The proof fails to show that respondent Rogers was in any manner injured by any of the transactions between the mortgagors and mortgagee. He purchased the property subject to the certain portion of the incumbrance as specified in the trust deed, and there has been no attempt to claim a lien for a greater amount. Where, in an instrument of conveyance, specific portions of a debt are applied to specific tracts of real estate conveyed by such instrument as security for the debt, the sale of one or more of such tracts, subject to the specific and respective portions of the debt, does not affect the lien of the mortgage as to the other tracts included in the same conveyance. Nor does a release of any of such tracts, upon payment of proper consideration, discharge the mortgage lien as to others. Jones, Mortg. § 981. In the absence of covenants in a deed having a different effect, a grantee who takes a conveyance of land subject to a mortgage is presumed to have paid the purchase price, less the amount of the mortgage debt, and in such event it becomes his equitable duty to pay the debt or permit the same to be satisfied by sale of the premises. Id. § 736; *Freeman* v. *Auld*, 44 N. Y. 50; *Johnson* v. *Thompson*, 129 Mass. 398; *Hancock* v. *Fleming*, 103 Ind. 533.

It is next insisted, on behalf of the grantee of parcel No. 12, that, if the lien of the trust deed was not discharged in the reorganization of the loan, the doctrine of inverse order of alienation applies, and that, therefore, that tract cannot, in the first instance, be sold, under fore-

closure, to satisfy any portion of the mortgage debt; and that, since the parcels subsequently sold were released from the mortgage lien, no recovery can be had in this case. The doctrine here invoked is to the effect that where a mortgagor sells mortgaged premises in distinct parcels, at different times, the parcel last sold must, upon suit brought to foreclose, first be applied in satisfaction of the mortgage, and, if that be not sufficient, then the one sold next in point of time, and so on, reversing the order in which the property was conveyed. This doctrine, though originally an exception to the general rule, that, where several parcels of land are charged with a common burden, all of them must share the burden, has become a distinct rule of property, and proceeds upon the ground that, where a mortgagor disposes of a portion of mortgaged premises by deed, purporting to convey the fee simple, without referring to the mortgage, and retains the other portion himself, it is just and equitable, as between the grantor and grantee, that the portion retained by the grantor should first be applied in satisfaction of the incumbrance, and, such equity having attached to the land, a subsequent purchaser of the portion so retained, with notice, takes it subject to the equity, and this equity also applies to purchasers from the grantees of the mortgagor. The rule enforces the maxim that "equities prevail in the order of time," by adjusting the burden of the incumbrance in the order of sales. Neither the rule, nor the grounds or reasons on which it rests, however, have any application to a case like the one at bar, where the first grantee purchased a certain parcel subject to a designated and definite part of the incumbrance; for here the grantee, having agreed that the conveyance shall be subject to a part of the debt, has no equity existing in his favor, as against the mortgagor, and, having none as

against him, he has none as against his subsequent grantee. By taking such conveyance he consented that the parcel conveyed should remain subject to his share of the indebtedness. To enforce, under the circumstances of this case, the rule upon which the respondents insist, would be unjustly to impair the rights of the mortgagee. It was never intended for any such purpose, and can be given no such effect by applying it to a case which, the record shows, is clearly within its exceptions. Where, as in this case, a mortgagor sells a separate and distinct part of the mortgaged premises, and in the deed of conveyance expressly stipulates that it is subject to a certain and definite part of the amount of the incumbrance, the rule as to inverse order of alienation does not apply. Wilts. Mortg. Forec. § 510; Jones Mortg. § 595; *Hoy* v. *Bramhall,* 19 N. J Eq. 668; *Briscoe* v *Power,* 47 Ill. 447; *Evansville Gas Light Co.* v. *State,* 73 Ind. 219; *Engle* v. *Haines,* 5 N. J. Eq. 186; *Wikoff* v. *Davis,* 4 N. J. Eq. 224.

It is not important to discuss any other question presented in the record. We are of the opinion that, under the facts and circumstances of this case, the court was not warranted in finding and decreeing that the appellant had been paid the full amount of the debt secured by the trust deed, nor in finding that the lien as to the tract of land in controversy was discharged, nor in dismissing the action. The case must therefore be reversed and remanded, with directions to the court below to proceed in accordance with this opinion. It is so ordered.

Zane, C. J., and Miner, J., concur.