The Monarch Coal and Mining Company

*v.*

Jane Hand.

*Opinion filed June 19, 1902.*

1. Mortgages—*when decree is right in not directing a sale in inverse order of alienation.*   Where a coal company purchases three acres of land out of a tract of 116 acres, with the right to mine coal under the entire tract, subject to a mortgage covering the whole tract, it is proper, on foreclosure of the mortgage, for the decree to provide for the sale of the entire tract or so much as is necessary to satisfy the debt, with privilege to the coal company to pay the debt within forty days, and in default thereof that it be enjoined from committing waste or further removing coal.

2. Same—*effect where grantee takes subject to mortgage.*   Where the deed to a portion of mortgaged lands is expressly made subject to the mortgage, the grantee has no equity against the mortgagor that the portion retained by the mortgagor shall be first subjected to sale in case of foreclosure.

*Monarch Coal and Mining Co.* v. *Hand,* 99 Ill. App. 322, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. John A. Gray, Judge, presiding.

J. H. Hanley, and Grier & Stewart, for appellant.

Chiperfield & Chiperfield, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The appellee, Jane Hand, filed her bill in the Fulton circuit court to foreclose a mortgage on 116 acres of land in that county.   After the mortgage had been given, the mortgagor, Jonathan A. Emans, sold and conveyed to the appellant company, in fee simple, about three acres of land, together with all the coal, and the right to mine and remove the same, commencing with and lying below the vein of coal known locally as the third vein, under all the rest of said 116 acres of land.   The deed contained

covenants of general warranty, but was made "subject to a mortgage to Jane Hand in the principal sum of $3500." This was the mortgage sought to be foreclosed. The mortgagor, Emans, and the appellant company, the grantee, were made defendants to the bill. The appellant answered and also filed its cross-bill, and alleged that the consideration for the conveyance to it by Emans was $3000 to be paid by it, and that that amount was the full value of the property so conveyed, without the mortgage, and that it was not understood or contemplated that appellant should pay any additional or further sum for the property and rights so conveyed to it, and it was prayed in the cross-bill that the interest in said lands which had not been conveyed to the appellant should be first offered for sale to satisfy the mortgage of the complainant. The court sustained a demurrer to the cross-bill, and on the hearing entered a decree foreclosing the mortgage as prayed in the bill, and ordering the sale of the mortgaged premises, or so much thereof as should be sufficient to satisfy the decree, unless the amount found by the decree to be due should be paid by Emans within thirty days. The decree also provided that the company might pay said amount, with interest and costs, within forty days, in case said Emans failed to pay the same, and in case of failure to so pay it should be enjoined from committing waste on said lands and from further mining or removing coal thereon. Said company appealed to the Appellate Court, but that court affirmed the decree, whereupon this appeal was taken.

The evidence tended to prove that the coal had been removed from under one-half or more of the land, and that the land was scant security for the mortgage debt. We are of the opinion that there is no error in the decree, and that the equitable rule invoked by appellant, that where a part of the mortgaged premises has been sold and conveyed by the mortgagor, or several parts to different purchasers, and a decree of sale under a foreclos-

197—19

ure is obtained to satisfy the mortgage debt, the several parts should be sold in the inverse order of their alienation, cannot be applied in this case, for the reason that the conveyance to appellant was expressly made subject to the mortgage. In *Briscoe* v. *Power*, 47 Ill. 447, this court said: "We held in the case of *Iglehart* v. *Crane & Wesson*, 42 Ill. 261, that where a mortgagor sells the mortgaged premises in parcels, at successive periods, the different parcels should be subjected to the payment of the mortgage in the inverse order of their alienation. That rule rests upon the reason, that where the mortgagor sells a part of the mortgaged premises without reference to the encumbrance, purporting to convey the fee simple, and retaining a part himself, it is equitable, as between the mortgagor and his grantee, that the part still held by the mortgagor should be first subjected to the payment of the debt, and this equity having attached to the land, a subsequent purchaser from the mortgagor, with notice, takes it subject to the same equity. But it is evident that this reasoning has no application to a case like the present, where the first purchaser expressly takes subject to the mortgage. In such cases the purchaser has no equity, as against the mortgagor, that the portion still held by the latter shall be first applied to the payment of the encumbrance, and having no equity against him of course has none against his grantee. The first purchaser, by taking expressly subject to the mortgage, consents that the land conveyed to him shall remain subject to its *pro rata* share of the debt." See, also, *Moore* v. *Shurtleff*, 128 Ill. 370; *Boone* v. *Clark*, 129 id. 466; *Brown* v. *McKay*, 151 id. 315. The doctrine thus stated is too well settled to require further comment.

The decision of the Appellate Court affirming the decree is correct, and the judgment will be affirmed.

*Judgment affirmed.*