ANICKER v. DOYLE et al.

No. 10386—Opinion Filed Nov. 29, 1921.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Judgment.**

When the court tries both questions of law and fact in an action wherein the parties are entitled to a trial by jury, the judgment of the court stands in lieu of the verdict of the jury; on appeal this court will not weigh the evidence, but if there is any evidence reasonably tending to support the judgment of the trial court, its judgment will not be disturbed.

2. **Mortgages — Conveyance of Property — Liability of Vendee — Judgment — Evidence.**

On an examination of the evidence we find there is evidence reasonably tending to support the judgment of the trial court.

3. **Same.**

The record examined, and held, that the judgment of the trial court is not excessive.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by T. T. Gaddy against Gertie Doyle, Eddie Doyle, and others, to recover on note and foreclose real estate mortgage. Answer and cross-petition filed by defendant Doyle, and thereupon W. J. Anicker was made party defendant. Judgment in favor of the Doyles and against W. J. Anicker, and he appeals. Affirmed.

S. H. Lattimore, for plaintiff in error.

Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Villard Martin, for defendants in error.

MILLER, J. This action was commenced in the superior court of Muskogee county by T. T. Gaddy against Gertie Doyle, Eddie Doyle, Haskell National Bank, a corporation of Haskell, Oklahoma, George C. Probst, James B. Morrison, and D. F. Hinckley, to recover on a certain principal note of $600 and interest coupons thereto attached and to foreclose a mortgage given to secure the payment of said note and coupons. Plaintiff further sought to recover in said action the sum of $72 on a certain installment note representing a part of the interest on the original loan, and this installment note was secured by a second mortgage. The notes and mortgages were executed by defendants Gertie Doyle and Eddie Doyle in favor of the Waddell Investment Company. The mortgages as originally executed covered 60 acres of land. In this proceeding the plaintiff was only asking for a foreclosure as against 20 acres described as the west half of the northwest quarter of the southwest quarter of section three, township fourteen, range sixteen, in Muskogee county. The other 40 acres had been sold to plaintiff in error, W. J. Anicker, subsequent to the execution of the notes and mortgages above referred to. This 40 acres was described as the southwest quarter of the southwest quarter of said section three.

The defendants Gertie Doyle and Eddie Doyle filed an answer and cross-petition in which they alleged the sale of the 40 acres to W. J. Anicker, and that he assumed the entire indebtedness, and they filed a motion asking that he be made a party defendant. By order of the court W. J. Anicker was made a party defendant and appeared and filed his separate answer to the answer and cross-petition of the Doyles.

A jury was waived and the case was tried to the court. Judgment was rendered in favor of the Doyles and against W. J. Anicker. Anicker perfected this appeal and

appears here as plaintiff in error and the Doyles are defendants in error here. The only controversy in this court is between Anicker and the Doyles; that is, whether or not Anicker was to pay the entire indebtedness represented by the notes and secured by the two mortgages above referred to, or whether he was to pay only two-thirds of that indebtedness.

It will not be necessary even to comment on the issues raised by the plaintiff's petition and the answer of the other defendants, as the correctness of the rulings, findings, and judgment on such issues is not called in question by this appeal. That part of the findings and judgment of the trial court called in question by this appeal reads as follows:

"The court further finds the issues in favor of the defendants Gertie Doyle and Eddie Doyle upon their answer and cross-petition against the defendant W. J. Anicker; that as a part of the purchase price of the southwest quarter of the southwest quarter of section three (3), township fourteen (14) north, range sixteen (16) east, Muskogee county, Oklahoma, the defendant W. J. Anicker agreed to pay and discharge the two mortgages executed by the defendants Gertie Doyle and Eddie Doyle in favor of the Waddell Investment Company and assigned to the plaintiff, T. T. Gaddy, both of which said mortgages are foreclosed by the judgment in favor of said plaintiff and against the defendants herein; that the defendant W. J. Anicker paid plaintiff a portion of the amounts due on each of said mortgages in consideration of having plaintiff release from the lien of both of said mortgages the property last above described; that the defendant W. J. Anicker has failed and refused to pay and discharge the balance due on each of said mortgages; that the defendants Gertie Doyle and Eddie Doyle should recover against the defendant W. J. Anicker an amount equal to the amount of principal, interest, and attorney fees hereinbefore found due from said defendants Gertie Doyle and Eddie Doyle to the plaintiff, T. T. Gaddy, to wit, the sum of three hundred and seven and 45/100 ($307.45) dollars, principal and interest to this date, which said judgment bears interest at the rate of ten per cent. (10%) per annum, together with one hundred ten ($110.00) dollars attorney's fees as provided in said mortgages.

"It Is Therefore Considered, Ordered and Adjudged by the court that the defendants Gertie Doyle and Eddie Doyle have and recover judgment against the defendant W. J. Anicker for the sum of four hundred seventeen and 45/100 ($417.45) dollars, being principal, interest and attorney fees included in the judgment recovered by plaintiff, T. T. Gaddy, against defendants Gertie Doyle and Eddie Doyle, and costs of suit herein ex-

pended, and that this judgment constitute a lien upon the southwest quarter of the southwest quarter of section three (3), township fourteen (14) north, range 16 east, Muskogee county, Oklahoma; provided, that if the said W. J. Anicker shall satisfy the judgment herein rendered in favor of plaintiff T. T. Gaddy, same shall operate as a satisfaction and release of the judgment against said Anicker in favor of said Gertie and Eddie Doyle.

"Guy F. Nelson,
"Judge of the Superior Court."

The plaintiff in error makes four assignments of error and then discusses them under two subjects. First, that the judgment rendered by the court is contrary to and not sustained by the evidence. The facts are as follows:

The Doyles borrowed $600 from the Waddell Investment Company. This indebtedness was evidenced by a note bearing date of February 14, 1916, for $600 due February. 1, 1923. The time the loan was to run was seven years lacking approximately one-half month. The interest was ten per cent., six per cent. represented by the coupons attached to the principal note. These interest coupons were due on the first day of February of each year beginning with 1917, and the interest at six per cent. amounted to $36. This was equal to $3 per month, but the first interest coupon was for $34.50, showing that the mortgage company had deducted $1.50 for interest it was not entitled to from February 1, 1916, to February 14, 1916. The remainder of the ten per cent. interest agreed upon, amounting to four per cent., was evidenced by the installment note of $167. These installments matured on the 1st day of February of each year beginning with 1917. Each installment was for $24, except the first one, which was for $23. This was equivalent to $2 per month, but again the Waddell Investment Company had deducted $1 from the first installment, making it $23. The one dollar so deducted was what the interest would have amounted to at four per cent. for the first half of the month of February, during which time the Doyles had not had the use of the money. For all intents and purposes these two mortgages were treated by the Doyles and will be considered here as one loan of $600 drawing ten per cent. interest and to run for a period of seven years.

On June 21, 1916, a little more than four months after obtaining this loan, the Doyles sold 40 acres of the land to the plaintiff in

error. The deed by which they conveyed the land was drawn by Anicker and was one of the usual forms of a warranty deed, containing this clause:

"To Have and to Hold the said described premises unto the said William J. Anicker, his heirs, successors and assigns forever free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature, except such as appear of record on the above described land upon the date of execution hereof."

Plaintiff in error contends that under this clause in the deed he was to assume only two-thirds of the mortgage, the proportion that 40 acres bear to the 60-acre tract covered by the mortgage, and cites the following authorities to support this contention: Dillivan v. German Savings Bank (Iowa) 124 N. W. 250; Mills v. Kelley (N. J.) 50 Atl. 144; Brisbee v. Power, 47 Ill. 447; Monarch Coal & Mining Co. v. Hand, 197 Ill. 288, 64 N. E. 381; Stephens v. Clay, 17 Colo. 489, 30 Pac. 43, 46; Conover v. Brown, 29 N. J. Eq. 510.

The clause is susceptible of being construed according to the contentions of each of the parties, without doing violence to the language used. Therefore, it became a question of "what was the agreement of the parties at the time they made their deal." Parol evidence was admissible to prove their agreement.

Plaintiff in error next insists this clause creates a presumption that Anicker was to pay only two-thirds of the mortgage indebtedness, and cites a number of authorities to support this contention. We have examined these authorities, but none of them holds that evidence may not be offered to rebut this presumption.

The Doyles testified that they were selling the land to Anicker for $1,100.00; that $600 was deducted on account of the mortgage, which Anicker was to pay; that Anicker deducted $60 as a year's interest and paid them $440. Anicker admits the payment of $440 and no more, but he claims he was paying that amount for their equity subject to two-thirds of the mortgage. Anicker admits that he had a conversation with plaintiff, Gaddy, before Gaddy purchased the note from the Waddell Investment Company. He and Gaddy officed together and he recommended to Gaddy that Gaddy purchase the note and mortgage on this land. The inter-

est coupon falling due February 1, 1917, for $34.50 was paid by Anicker to the Waddell Investment Company and by it assigned to W. J. Anicker; he thereafter assigned it to T. T. Gaddy.

The trial court found in favor of the Doyles, and we think there is evidence reasonably tending to support the findings of the trial court.

The plaintiff in error offered in evidence a receipt which reads as follows:

"6/21/16.

"Received of William J. Anicker four hundred and forty ($440.00) dollars for my equity in 40 acres described as follows, to-wit: The S. W. ¼ of the S. W. ¼ of 3-14-16 Muskogee county, Oklahoma, which land we have this day sold to William J. Anicker. He assumes or claims nothing on bal.

"Gertie Doyle nee White
"Eddie Doyle, his x mark
        and right thumb (print).

"Witnesses to mark and right thumb print of Eddie Doyle, which name was signed by me at his request and in his presence. C. L. Torr.

"Witnesses: W. F. Hendricks; F. R. Applegate."

Plaintiff in error contends that the last sentence on said receipt, "He assumes or claims nothing on bal.," is conclusive that Anicker was not claiming any part of the 20 acres or assuming anything on the 20 acres. There is some question as to when that last sentence was written in the receipt, and the Doyles denied they had signed any receipt at the time they executed the deed. They testified that they only signed the deed. The original receipt has been attached to the case-made. Counsel for plaintiff in error insist that this court examine the receipt to determine the genuineness of the execution by the Doyles. Counsel for the Doyles urge this court to examine the receipt to determine when the last sentence was written. The plaintiff in error in his brief says:

"It is the opinion of counsel for plaintiff in error, that after all the genuineness of that receipt is the decisive point in this case. If it stands at all, it stands as the expression in writing of the agreement between these parties, binding on both sides. It means what it says, and its meaning is plain. If it is accepted by this court as genuine, we submit that only one result is possible and that is a reversal of the judgment of the lower court. Its genuineness was sworn to not only by Anicker, but by a disinterested witness. It was admitted by the lower court. It bears the thumb print of Eddie Doyle. That thumb print, as well as the signature of Gertie Doyle, appears upon the deed, admitted to be genuine, and if this court has any doubt as to the genuineness of the receipt, we request that the original instruments, the deed and receipt, be examined and the signatures compared. If we have offered a forged receipt, we neither deserve nor ask a reversal. If our receipt is genuine, we are entitled to a decision. We do not believe that counsel for the Doyles will even contend that the receipt is a forgery. That it was all written as a continuous writing, with no laying down of the pen, we do not claim. That last provision was written with the pen at least thrust into different ink. It may have been written after an interval of time during which there had been discussion between the parties. But it was written before signature, which is the important thing."

This receipt was undoubtedly taken by Anicker as additional proof that he had paid the $440 for the land. We do not think the last sentence decides anything in this case. It is contradictory. "He assumes or claims nothing on bal." In defining these words, Bouvier says:

"Assume; to take to or upon one's self."

"Claim; a challenge of the ownership of a thing which is wrongfully withheld from the possession of the claimant."

Certainly Anicker could not claim any more than the 40 acres conveyed to him by the deed. The receipt does not mention any incumbrance on the land. Without the last sentence added to it the receipt is merely an acknowledgment of the payment of a sum of money for whatever equity or interest the Doyles had in a certain 40 acres of land. There is not even a suggestion that any more than the 40-acre tract of land was under consideration, and we cannot read something into the receipt that is not there. Conceding the last line of the receipt was written before it was signed by the Doyles, it would be unjust to them to permit Anicker to place his own interpretation on a meaningless sentence which he had written.

The second question argued by counsel for plaintiff in error: "The judgment was excessive in amount." He claims that if he did assume the $600 mortgage, he did not assume the second mortgage of $167. Under his own evidence he paid $95 to plaintiff, Gaddy, on this second mortgage; he therefore admits he assumed part of it. As we have heretofore called attention to the fact that this second mortgage was only a part of the interest on the principal mortgage, the second contention of plaintiff in error is without merit.

This action was to recover a money judgment, and under the law either party would have been entitled to a trial by jury. The jury having been waived the court tried both the facts and the law. The same rule in regard to the sufficiency of the evidence applies as if the case had been tried to a jury.

There being evidence reasonably tending to support the judgment of the trial court, its judgment will not be reversed on appeal.

The judgment of the trial court is hereby affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.