## HENRY MULROY v. ELDEN ROWE.[1]

March 13, 1925.

No. 24,574.

**Complaint to set aside foreclosure sale not good as to defendant sheriff.**
  In an action to set aside a mortgage foreclosure sale upon the ground that the sheriff sold the mortgaged land, which included the homestead of the plaintiff, ignoring his claim that the land other than the homestead be first sold, the complaint is *held* not to state a cause of action against the sheriff.
*Headnote. See Homestead, 29 C. J. p. 985, § 453.

Action in the district court for Nobles county. From an order, Nelson, J., sustaining the demurrer of the defendant sheriff to the complaint, plaintiff appealed. Affirmed.

*C. J. Laurisch* and *C. O. Dailey*, for appellant.

*E. J. Jones*, for respondent.

DIBELL, J.

Action to set aside the foreclosure by advertisement of a mortgage made by the plaintiff upon a quarter section of land which included his homestead. The defendant Rowe, the sheriff who made the sale, separately demurred. The demurrer was sustained and the plaintiff appeals.

The north half of the quarter mortgaged was the homestead of the plaintiff. The foreclosure sale was made on November 17, 1923. Prior thereto the plaintiff served written notice upon the sheriff claiming the north half as his homestead and asking that the south half be sold first. The sheriff ignored the request and sold the quarter as a single tract. The purchaser at the sale offered to bid the full amount due for the south half. The sheriff refused to sell it separately. The purchaser then bid the full amount for the whole quarter.

[1]Reported in 202 N. W. 723.

This action was brought in October, 1924, nearly a year after the sale.

In making the sale the sheriff was the officer of the law. His work was done when the sale was made and a certificate delivered, though afterwards a redemption could be made through him. There is an allegation that the sheriff was induced to refuse to offer the south half for the purpose of allowing lien creditors of the plaintiff, or purchasers of the south half through bankruptcy proceedings, the plaintiff having become a bankrupt, to redeem from the foreclosure sale and deprive him of his homestead. There is no allegation that there were judgment creditors. There is no allegation that a trustee was appointed; and it is not apparent, with the record as it is, that a redemption by the trustee or by purchasers from him would harm the plaintiff.

The question of law that may be of interest to the real parties is whether the statute providing how a homestead exemption may be claimed in a foreclosure furnishes the exclusive method. G. S. 1923, § 9649; G. S. 1913, § 8173. This question should be determined with the parties interested in the land present. The sheriff is not needed. It would not require much to make him a proper party, if the essential facts existed, but the complaint does not allege them.

Order affirmed.

The Chief Justice took no part.