# HENRY MULROY v. SIOUX FALLS TRUST & SAVINGS BANK.[1]

December 18, 1925.

No. 24,948.

**Homestead law.**

1. The homestead law is liberally construed for the benefit of the debtor.

**Other land may be sold on foreclosure before homestead.**

2. Where a homestead is included with other lands in a mortgage, the homestead claimant may, upon seasonable demand, have the other lands first applied in satisfaction of the mortgage.

**Foreclosure sale of several tracts in gross voidable.**

3. A foreclosure sale of several parcels of land in gross is not void but voidable, and will not be annulled except for cause.

**When sale of homestead in one parcel with other land voidable.**

4. The complaint shows a timely request to sell first the land other than the homestead, and that such land would have sold for enough to satisfy the mortgage in full without resorting to the homestead. Selling the homestead with the other land as one parcel was prejudicial to the rights of the homestead claimant and he may avoid the sale.

**Statute grants additional remedy.**

5. Chapter 389, L. 1907, being section 9649, G. S. 1923, does not curtail the rights or remedies of a homestead claimant, but provides an additional method for the protection of such rights.

1. See Homesteads, 29 C. J. p. 787, § 15.
2. See Mortgages, 27 Cyc. p. 1479.
3. See Mortgages, 27 Cyc. p. 1480.
4. See Mortgages, 27 Cyc. p. 1507 (Anno).
5. See Statutes, 36 Cyc. p. 1176.

---

1. See 13 R. C. L. p. 547; 3 R. C. L. Supp. p. 61; 4 R. C. L. Supp. p. 823.

[1]Reported in 206 N. W. 461.

Action in the district court for Nobles county to set aside a foreclosure sale. Plaintiff appealed from an order sustaining the demurrer of defendant bank to the complaint. Reversed.

*C. J. Laurisch* and *C. O. Dailey*, for appellant.

*E. J. Jones*, for respondent.

TAYLOR, C.

Appeal from an order sustaining the demurrer of defendant bank to plaintiff's complaint. The complaint, made in October, 1924, consists of 8 paragraphs. The first 7 set forth in substance that plaintiff was, and for some years had been, the owner of a quarter section of land in Nobles county subject to a mortgage of $8,500 executed to defendant bank; that the north half of the quarter section was plaintiff's homestead; that on February 17, 1923, plaintiff was duly adjudged a bankrupt on his voluntary petition; that in his petition to be adjudged a bankrupt he asked that the north half of the quarter section be set aside to him as his homestead; that in proceedings to foreclose the mortgage the land was advertised to be sold by the sheriff, at public auction, on November 17, 1923; that, immediately prior to the sale on that date, plaintiff served a written notice on the sheriff, defendant Rowe, in which he claimed the north half of the quarter section as his homestead and asked that the south half thereof be sold first; that at the sale defendant O'Brien bid $9,400 for the south half of the quarter section; that the sheriff refused to receive this bid, on the ground that the entire quarter section must be sold as one tract; that the sheriff then offered the quarter section for sale; that it was bid in by, and sold to, defendant O'Brien for $9,400; that the sheriff knew at the time of the sale that the south half of the quarter section would sell for enough to satisfy the mortgage in full. The eighth paragraph alleges that the refusal to offer the south half of the quarter section for sale first was for the purpose of allowing lien creditors or purchasers of the south half under the bankruptcy proceedings to acquire the homestead by redeeming from the sale.

The demurrer of the sheriff to this complaint was considered and sustained in Mulroy v. Rowe, 162 Minn. 311, 202 N. W. 723. We

are now called upon to consider the demurrer of the mortgagee who foreclosed the mortgage.

The statute exempting a homestead from liability for debts is liberally construed to accomplish the purpose of enabling a debtor to retain his home. Where a homestead is subject to a mortgage which also covers other lands, the owner is entitled, upon seasonable demand, to have the land other than the homestead first applied in satisfaction of the mortgage. Horton v. Kelly, 40 Minn. 193, 41 N. W. 1031; Miller v. McCarty, 47 Minn. 321, 50 N. W. 235, 28 Am. St. 375; Blake v. Boisjoli, 51 Minn. 296, 53 N. W. 637.

Where a mortgage is foreclosed by a sale in gross, as one parcel, of land which ought to have been sold in separate parcels, the sale is not void but voidable only, and will not be set aside unless good cause therefor be shown. Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985, 8 L. R. A. 50; Clark v. Kraker, 51 Minn. 444, 53 N. W. 706. These cases did not consider the homestead law, but in Phelps v. Western Realty Co. 89 Minn. 319, 94 N. W. 1085, 1135, it is said that the fact that a part of the tract is a homestead does not change the rule, and that it would be necessary for one attacking a sale on that ground to show that, if the parcels had been offered separately, the debt would have been satisfied without resorting to the homestead, or that he was prejudiced in some other way.

The complaint shows that plaintiff asked to have the nonexempt 80 sold first. It further shows that at the sale the full amount of the mortgage was bid for the nonexempt 80; that this bid was refused; and that the entire quarter section was then sold to the same bidder for the same amount previously offered for the nonexempt 80. If the first bid had been accepted the mortgage would have been satisfied in full and plaintiff would have had his homestead left freed from the encumbrance.

That plaintiff's rights were ignored to his substantial prejudice is clear. That he is entitled to have the sale set aside is also clear, unless his failure to comply with the provisions of chapter 389 of the laws of 1907, found as section 9649 in the General Statutes of 1923, precludes him from now asserting that the nonexempt 80 should have been sold first. Chapter 389 is entitled:

"An act to protect the rights of homestead claimants in proceedings to foreclose real estate mortgages and to provide that such homestead shall be offered for sale as a separate parcel only."

This statute provides that in proceedings to foreclose a mortgage which includes all or any part of a homestead:

"The person claiming such homestead may, at any time prior to the foreclosure sale, serve or cause to be served upon the sheriff making such sale a notice of such claim which shall designate and describe with reasonable certainty the real estate so claimed * * * which notice together with proof of service thereof shall be filed for record and recorded in the office of the register of deeds. Upon the service and filing of such notice it shall be the duty of the sheriff, at the time of the sale, to first offer for sale and sell that part of the mortgaged real estate, or so much thereof as is necessary, which is not included in such selected homestead."

Plaintiff served a written notice upon the sheriff, but did not file it in the office of the register of deeds, and so failed to bring himself within the protection of this statute. The mortgagee claims that this statute provides the only method by which a homestead claimant may secure the right to have the land other than the homestead first sold.

A statute providing a new method for securing or enforcing an old right does not take away or abrogate previously existing methods, unless the intention to do so is expressly declared or is necessarily implied from the language used. The statute is regarded as giving an additional or cumulative remedy, unless it plainly manifests an intention to make such remedy exclusive. 25 R. C. L. 1058; 36 Cyc. 1176, notes 86, 87, 88; Donnelly v. Minneapolis Mnfg. Co. 161 Minn. 240, 245, 201 N. W. 305; State Bank of Milan v. Sylte, 162 Minn. 72, 202 N. W. 70; Johnson Service Co. v. Kruse, 121 Minn. 28, 140 N. W. 118, Ann. Cas. 1914C, 850; Lowell v. Doe, 44 Minn. 144, 46 N. W. 297.

The purpose of the statute in question, as declared in its title, is "to protect the rights of homestead claimants in proceedings to fore-

close real estate mortgages." It was not the purpose to curtail the rights of such claimants, nor to take away existing remedies for a wrongful sale of the homestead, but to give a greater measure of protection to such rights by providing a method by which the claimant could, in any case in which he deemed it for his interest to do so, compel the nonhomestead lands to be sold before the homestead was offered. Where a mortgage covering a homestead and other lands is being foreclosed under the power of sale therein, the homestead claimant has always had the right to demand that the other lands be sold first. And if the homestead and the nonhomestead lands were, nevertheless, sold as one parcel, he could avoid the sale but, in order to do so, he was required to establish that he had seasonably asserted his right to have them sold separately, and that the failure to sell them separately had resulted to his financial prejudice. This statute provides a method by which he may, before the sale, establish an absolute right to have them sold separately and, if so established, the existence of such right is made a matter of record and placed beyond dispute. But there is nothing in the statute requiring us to hold that it took away the previously existing remedy of voiding a sale in gross by proving a timely demand for a sale in separate parcels and that failure to comply with such demand had resulted in a substantial impairment of the homestead right. To so hold would be a perversion of the purpose of the statute and contrary to the long-established policy of the law. It would needlessly make the rights of the ignorant and unwary depend upon a compliance with statutory provisions, perhaps entirely unknown to them.

Order reversed.

The Chief Justice took no part.