ADRIAN STATE BANK v. HENRY MULROY AND OTHERS.[1]

November 4, 1927.

No. 26,300.

**Decree as to order of sale on mortgage foreclosure correct.**

In the foreclosure of a mortgage covering the mortgagor's homestead and a tract of land conveyed to appellant by the trustee in the voluntary bankruptcy of the mortgagor subject to existing liens on the land, the judgment correctly directed appellant's tract to be sold first and the homestead last.

Bankruptcy, 7 C. J. p. 113 n. 36.
Homesteads, 29 C. J. p. 878 n. 8.
Mortgages, 41 C. J. p. 768 n. 55.

Defendant L. O. Patterson appealed from a judgment of the district court for Nobles county, Nelson, J. Affirmed.

*Roberts, Strong, Myers & Covell,* for appellant.
*C. J. Laurisch* and *C. O. Dailey,* for respondent Mulroy.

HOLT, J.

One of the defendants appeals from the judgment rendered.

The action is to foreclose a mortgage upon a quarter section of land. The north half is the homestead of the mortgagors. Appellant is the owner of the south half having derived title from the trustee in the voluntary bankruptcy proceeding of Henry Mulroy, the owner mortgagor. The part of the judgment attacked is that which directs that the south half be first sold. The ground of attack is that this order of sale violates the rule which requires the sale to be made in the inverse order of alienation where, subsequent to the giving of the mortgage, parts of the mortgaged premises have been conveyed. The interests of the parties in the subject matter involved here have been before this court in Mulroy v. Rowe, 162 Minn. 311, 202 N. W. 723, and in Mulroy v. Sioux Falls Tr. & Sav. Bank, 165 Minn. 295, 206 N. W. 461.

[1]Reported in 215 N. W. 850.

The rule contended for by appellant is not applicable where the conveyance is cum onere, as stated in Merchants Nat. Bank of Crookston v. Stanton, 55 Minn. 211, 56 N. W. 821, 43 A. S. R. 491. There the conveyance was by deed of warranty with the usual covenants. The rule is one of equity. It is readily seen that, as between a mortgagor and a subsequent grantee of part of the mortgaged premises who has paid full price and obtained a deed of warranty, the premises retained by the mortgagor should be primarily resorted to for payment of the mortgage. Such equity does not exist where the sale is made subject to the mortgage, unless there is some special agreement by which the grantor binds himself to protect the grantee against the lien of the mortgage. The trustee in bankruptcy took title subject to the mortgage; he was directed to convey and did convey the land to appellant subject to all existing liens thereon. Not only under the doctrine of the Stanton case, but in accordance with other authorities, appellant under his conveyance had not the equitable right to insist that the mortgagor's homestead should be sold first in the foreclosure proceeding. 3 Pomeroy, Eq. Jur. § 1225, states that the rule contended for by appellant does not apply:

"1. Whenever a grantee of any parcel either expressly assumes the payment of the mortgage, or his deed is of such a form that he takes the parcel conveyed to himself *subject to* the mortgage *as a part of the consideration,* then, as has already been shown, the parcel thus purchased becomes, in the hands of himself and of those holding under him, primarily chargeable with the mortgage debt as against the mortgagor-grantor, and consequently as against all subsequent grantees of other parcels from the mortgagor. By such an express or implied assumption, the doctrine of liability in the inverse order of alienation, and all of its consequences, are defeated with respect to the mortgagor and the subsequent grantees. 2. In like manner, when the deeds to the successive grantees are not warranty or equivalent thereto, but simply purport to convey the mortgagor's right, title, and interest in the parcels, the intention is clear that the grantees respectively assume their por-

tions of the burdens. Their several parcels are all liable ratably, and not in the inverse order."

See also 41 C. J. p. 767, § 855; Interstate L. & Inv. Co. v. Logan, 196 Ala. 196, 72 So. 36; Monarch C. & M. Co. v. Hand, 197 Ill. 288, 64 N. E. 381; New England L. & T. Co. v. Stephens, 16 Utah, 385, 52 P. 624. Our attention has been called to Powers v. Sherry, 115 Minn. 290, 132 N. W. 210. A statement is there made that, where a parcel of land of a larger tract encumbered by a judgment docketed against the grantor has been conveyed by quitclaim, the grantee may demand that in an execution sale under the judgment the land retained by the grantor be first sold. The statement was not necessary to a decision of the case and is not fortified by any authorities.

The policy of the law is to protect the homestead of an unfortunate debtor. When such a one is adjudged a bankrupt his unexempt real estate passes to his trustee in bankruptcy by operation of law. There is no conveyance by the bankrupt. The title vested in the trustee is no different in a case of voluntary from one in involuntary bankruptcy; it vests subject to existing liens. The title passes in invitum so far as concerns the bankrupt. And it seems to us the bankrupt has not concluded himself by any contract or covenant from claiming that, as to the holder of a conveyance from the trustee, he is entitled, in case of foreclosure of a mortgage covering both his homestead and the land transferred by the trustee, to have the homestead sold last. Both by bankruptcy statutes and the exemption statutes of the state the homestead of the debtor is shielded except as against his own covenants.

The judgment is affirmed.

The Chief Justice took no part.