No. 84-22

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

FIRST NATIONAL BANK IN BOZEMAN, a
National Banking corporation,

        Plaintiff and Respondent,

-vs-

ROBERT K. POWELL and VICTORY
POWELL,

        Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

           Landoe, Brown, Planalp, Kommers and Lineberger,
           Bozeman, Montana:  Gene I. Brown argued, Bozeman

    For Respondent:

           Berg, Coil, Stokes & Tollefsen, Bozeman, Montana
           Michael C. Coil argued, Bozeman, Montana

_____

               Submitted:  September 19, 1984

                 Decided:  October 11, 1984

Filed:  OCT 11 1984

*Ethel M. Harrison*
_____
               Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

In an action by First National Bank to have Powells vacate their family residence pursuant to a foreclosure sale on a trust indenture, the Eighteenth Judicial District Court entered a judgment in favor of the Bank. Powells appeal. We affirm.

Robert Powell, a real estate appraiser in Bozeman, and Victory Powell, the owner of a mortgage firm, Treasure State Mortgage, purchased the family residence, involved in this appeal, in 1970.

In August, 1978, Victory Powell invested in commercial property on College Street in Bozeman. She financed the total purchase price ($69,500) through First National Bank (the Bank) in Bozeman. The Bank required security in addition to the commercial property for 100% financing. Without suggestion from the bank, Mrs. Powell offered her personal residence as the additional collateral. The deed of trust, subject of this appeal, executed by Mrs. Powell listed the commercial lot as Parcel No. 1 and the Powell residence as Parcel No. 2. Neither the deed of trust nor the accompanying trust indenture designated either parcel as primary or secondary security for the debt. However, the Powells understood that the College Street property primarily secured the commercial investment loan while their personal residence provided a secondary security en lieu of the down payment. Mrs. Powell was not represented by counsel at the closing, nor did she consult with her attorney to review the financial documents.

In the summer of 1979 Mrs. Powell became delinquent on monthly loan installments. In a letter dated June 3, 1980, she informed the Bank that she intended to "bring the account

2

up to date within the next month or two." With the debt remaining in default, Victory Powell made a verbal offer in the fall of 1981, to return the deed on the commercial property in return for a full release from the Bank on the deed of trust dated August 30, 1978. Mrs. Powell testified that she never received a written response from the Bank. Mrs. Powell attempted to sell the commercial lot for two years without success.

In the meantime, the Powells assigned the rental income of $400/month to the Bank to apply against their $700 monthly obligation. Despite this assignment, a negative accrual status remained on the loan.

The Bank issued notice of trustee's sale in the foreclosure action pursuant to the Montana Small Tract Financing Act. On May 12 and 14, 1982 the Bank apprised Mrs. Powell of the amount required to satisfy the loan or, in the alternative, the required payment to bring the loan current. Mrs. Powell would have avoided foreclosure with either payment. Two Bank employees testified that Mrs. Powell did not respond.

The trustee's sale was held on July 28, 1982. Victory Powell attended the foreclosure sale without representation. Several Bank officers and the Bank attorney were present.

Prior to the sale the agent for the trustee, American Land Title, inquired whether the parcels were to be sold separately or together. The Bank responded that the parcels were to be offered individually. When it was suggested that Powell's residence be offered first Victory Powell made no objection. Victory Powell did not bid upon her family residence. The Bank's bid of $100 was accepted as purchase price for the Powell's residence. Bidding on the commercial property resulted in purchase by the Bank for $1.00.

Trustee's deeds to the subject properties dated July 28, 1982 were issued to the Bank.

Approximately two and one-half weeks after the foreclosure sale, on August 13, 1982 the Bank, through its counsel, requested the Powells vacate their home. The Bank again served notice upon the Powells on August 27, 1982. Powells refused to surrender possession.

The District Court held that the Bank rightfully sold the Powell's family residence at the foreclosure sale and ordered the Powells to vacate their home and to pay back rent in the amount of $500 per month from September, 1982.

Powells submit this issue on appeal:

Did the trial court err in holding that a foreclosure sale on a trust indenture primarily secured by commercial investment property was lawful when the First National Bank in Bozeman ordered the appellants' personal residence be sold first?

The unambiguous language of the trust indenture grants authority to the trustee to determine the order in which parcels of real estate securing the indebtedness may be sold. Paragraph 19 of the trust indenture provides in pertinent part:

> "19. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Grantor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and such order as it may determine (but subject to any statutory right of Grantor to direct the order in which such property, if consisting of several known lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale."

Despite this discretionary language, the trustee's authority is not boundless. 55 Am. Jur. 2d, Mortgages,

section 727 explains restrictions imposed upon the trustee's power in foreclosure procedures as follows:

> ". . . On the other hand, it has been ruled that even where a mortgage or deed of trust vests a discretion in the trustee to sell the encumbered premises as he thinks best, such discretion is not an arbitrary one, but generally is subject to the control and direction of the debtor, who may choose the mode of offering the property for sale."

As this is a case of first impression we cite a Minnesota Supreme Court's analysis of this issue with approval. The Minnesota Court held:

> ". . . Where a homestead is subject to a mortgage which also covers other lands, the owner is entitled, upon seasonable demand, to have the land other than the homestead first applied in satisfaction of the mortgage." Mulroy v. Sioux Falls Trust & Savings Bank of Sioux Falls (1925), 165 Minn. 295, 206 N.W. 461, 462.

The determinative factor is a requisite "seasonable demand" made by the landowner/mortgagor expressing the preferred order of sale.

Applying these legal principles to the facts of this appeal we find no abuse of the trustee's discretion relative to the order in which he sold the two parcels securing the Powell's defaulted commercial loan. Prior to the auction, Mrs. Powell was informed that the trustee proposed to offer the Powell's residential property first and the investment commercial parcel second. It is undisputed that Mrs. Powell made no objection to her home being auctioned first. She never suggested a preference that either piece of real estate be sold before the other. Even after the bank had purchased her home for $100 and her investment property for $1.00 at the foreclosure proceeding, Mrs. Powell never complained to or objected to the manner or order of the sale.

It is a proper election of the debtor at the time of the sale to demand a specific order in which the separate parcels are to be sold. In the instant case, Mrs. Powell failed to

5

exercise this right. She made no objection to the trustee's proposal that the Powell family residence be sold first. She acquiesced in the order of sale and deferred to the discretionary authority of the trustee.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

6